DOMENGEAUX, Judge.
This case involves an appeal from the granting of a summary judgment dismissing plaintiff’s suit in tort for the death of her son, Thomas J. Vinson.
The petition alleges that plaintiff’s son was killed when the automobile which he was driving collided with a train owned by defendant Kansas City Southern Railroad Company in the City of Alexandria Louisiana, at approximately 2:35 A.M. on February 14, 1970. At the time the train was stopped in such a manner that it occupied the tracks at their intersection with Broadway Street in that city, and the decedent’s automobile, which had been traveling on *798 Broadway Street, struck one of the train’s boxcars.
The named defendants, Kansas City Southern Railroad Company, and C. J. Hooper and Herbert Feast, presumably operators of the train in question, moved for summary judgment alleging inter alia that there was no genuine issue of material fact insofar as the contributory negligence of plaintiff’s deceased son was concerned. The motion was granted and plaintiff has appealed to this court.
Plaintiff alleges the negligence of the defendants as follows:
“A. NEGLIGENCE OF C. J. HOOPER
a. failing to drive the train and engine off of the Broadway Street;
b. leaving the train and engine parked so as to block Broadway Street without sufficient warning;
c. failing to take steps to avoid the accident, in the alternative.
B. NEGLIGENCE OF HERBERT FEAST
a.failing to set warnings or flares of the presence of the train as it intersected Broadway Street and came to a stop.
Pursuant to the doctrine of respondeat superior, the Kansas City Southern Railroad Company is also bound by the negligent conduct of its employees, but furthermore, said company was negligent for the following reasons:
a. failing to put warning devices or signal lamps at the intersection of its tracks with Broadway Street, knowing said tracks to traverse a heavily travelled street;
b. building the railroad tracks on a grade so as to make it particularly difficult for railroad cars to be observed by the headlights of approaching automobiles;
c. failing to put reflectors on the railroad cars so as to permit lights shining upon them to reflect and thereby perhaps place drivers on notice;
d. failing to install crossarms which would prevent automobiles from approaching the track without having to come to a stop when the train was intersecting the highway.”
The district judge based his holding on our opinion in Stein v. Missouri Pacific Railroad Company, 166 So.2d 381, writ refused, 246 La. 869, 870, 167 So.2d 678. That case stands for the proposition that, barring any unusual circumstances, a motorist who collides with a train that has preempted an intersection is guilty of negligence as a matter of law and barred from recovering for his injuries.
In Picou v. Louisiana & Arkansas Railway Company and The Kansas City Southern Railway Company, No. 66-38 on the docket of the United States District Court for the Eastern District of Louisiana, that court granted a summary judgment for the defendants on the authority of the Stein case, and its judgment was affirmed by the United States Court of Appeals for the Fifth Circuit at 394 F.2d 988, again, citing the Stein case. Although the decisions of the lower United States courts are merely of persuasive value in this court, this case is of particular assistance to us since it was a diversity case in which Louisiana law was applied, and since our summary judgment procedure (La.Code of Civil Procedure, Arts. 966-969) is taken primarily from the Federal Rules of Civil Procedure, Rule 56. Wilkinson v. Husser, La.App., 154 So.2d 490, writ refused 245 La. 60, 156 So.2d 603.
*799 Plaintiff has alleged no unusual circumstances, in the case at bar, save that the railroad tracks were built on a grade, thus making it difficult for his headlights to reveal the presence of the train. This was also the situation in the Stein and Picou cases, supra and was rejected therein as a factor which would negate the plaintiff’s contributory negligence. The allegation is therefore of no consequence.
Plaintiff argues that Stein v. Missouri Pacific Railroad Company is inapplicable to the case at bar for the reason that the collision in Stein did not occur in an urban area and was therefore controlled by LSA-R.S. 45:563, et seq. We disagree. Nowhere in Stein did we mention the said statute or indicate that we relied upon it. Rather the Stein decision was based on a motorist’s general duty to use his senses of sight and hearing to discover the presence of the train as he approaches a railroad crossing. Whether the crossing be in an urban or a rural area is immaterial. In Ramsey v. Louisiana & A. Ry. Co., La.App., 70 So.2d 171 a motorist drove into a parked train in the City of Shreveport, Louisiana, and was held to be negligent in not seeing the train blocking the intersection in time to stop before striking it. Likewise in Mediamolle v. Texas & New Orleans Railroad Co., La.App., 169 So.2d 235, writ refused, 247 La. 253, 170 So.2d 510, a motorist in Gretna, Louisiana was denied recovery for the same reason. Following Stein, then, the only material question is whether the train was in the intersection when plaintiff’s son drove his automobile into it. There is no dispute regarding the fact that it was, since plaintiff alleges it and defendant admits it.
Accordingly, there being no material issue of fact and the law being in favor of defendants, we are compelled to affirm the judgment of the district court. Costs in this and in the trial court are assessed to plaintiff-appellant.
Affirmed.