273 So.2d 510 (1973)
Mrs. Manuel ODOM
v.
C. J. HOOPER et al.
No. 52321.
Supreme Court of Louisiana.
February 19, 1973.
*511 Gravel, Roy & Burnes, Chris J. Roy, Alexandria, for plaintiff-applicant.
Wilkinson, Carmody & Peatross, John M. Madison, Jr., Shreveport, for defendants-respondents.
HAMLIN, Chief Justice:
Certiorari was directed to the Court of Appeal, Third Circuit, for our review of that Court's affirmance of the trial court's judgment granting defendants' motion for summary judgment and dismissing plaintiff's suit in tort. Art. VII, Sec. 11, La. Const. of 1921; 257 So.2d 797; 261 La. 477, 259 So.2d 920.
This matter involves a train-car collision in which plaintiff's son was killed on February 14, 1970, at approximately 2:35 a.m. when his automobile crashed into a stopped red unlighted boxcar owned by the Kansas City Southern Railroad Company and situated on the company's tracks at their intersection with Broadway Street in the City of Alexandria, Louisiana.
Naming as defendants, C. J. Hooper and Herbert Feast, employees of the defendant railroad, and Kansas City Southern Railroad Company, Mrs. Odom brought this suit for damages allegedly arising from the death of her son, Thomas J. Vinson. She alleged that Vinson was in no way at fault, and that his injuries and death and the accident were caused solely and proximately by the negligence and carelessness of each of the defendants in the following respects:
"A. NEGLIGENCE OF C. J. HOOPER
"a. Failing to drive the train and engine off of the Broadway Street;
"b. leaving the train and engine parked so as to block Broadway Street without sufficient warning;
"c. failing to take steps to avoid the accident, in the alternative.
"B. NEGLIGENCE OF HERBERT FEAST
"a. failing to set warnings or flares of the presence of the train as it intersected Broadway Street and came to a stop.
"Pursuant to the doctrine of respondeat superior, the Kansas City Southern Railroad *512 Company is also bound by the negligent conduct of its employees, but furthermore, said company was negligent for the following reasons:
"a. failing to put warning devices or signal lamps at the intersection of its tracks with Broadway Street, knowing said tracks to traverse a heavily travelled street;
"b. building the railroad tracks on a grade so as to make it particularly difficult for railroad cars to be observed by the headlights of approaching automobiles;
"c. failing to put reflectors on the railroad cars so as to permit lights shining upon them to reflect and thereby perhaps place drivers on notice;
"d. failing to install crossarms which would prevent automobiles from approaching the track without having to come to a stop when the train was intersecting the highway."
Defendants answered plaintiff's petition, denying negligence, and alternatively pleaded the following contributory negligence: "(a) Approaching a clearly marked railway crossing, occupied by a train, in a dangerous and reckless manner; (b) In failing to heed and obey the Louisiana Highway Regulatory Act and failing to stop, look and listen at this railway crossing as required by law; (c) In driving his automobile in a fast and dangerous manner; in failing to see the train; in failing to stop and look at the crossing; and (d) In not keeping a proper look-out; in not having his automobile under control and in operating it in a careless and negligent manner." Defendants admitted that at the time of the instant accident the train had come to a stop, and a red boxcar of the Nickel Plate Road occupied the Broadway crossing.
Some few months after the above pleadings were filed, defendants filed a motion for summary judgment in which they moved "the Court to render a summary judgment against plaintiff on the grounds that, as will appear from the pleadings, there is no genuine issue of material fact insofar as plaintiff's negligence or the contributory negligence of plaintiff's deceased son, Thomas J. Vinson, are concerned, and that movers are entitled to summary judgment as a matter of law."[1]
The trial court, as stated supra, granted the motion for summary judgment, stating in part: "* * * The defendants next contend that the deceased was guilty of contributory negligence as a matter of law. The Court is of the opinion that this position is correct and that the motion for summary judgment must be granted. The often cited case of Stein v. Missouri Pacific Railroad Company, La.App., 166 So.2d 381 dictates that this Court must grant this motion for summary judgment. There is no dispute as to the facts in the case. The train was parked on the tracks which cross Broadway Street. The deceased ran into the 19th boxcar behind the engine. The law is quite clear that a person who runs into the side of a parked freight train is guilty of contributory negligence as a matter of law.
*513 "The Court feels that motion for summary judgment is a proper remedy in this case. There is a request for a jury trial by the plaintiff and an order granting the plaintiff a trial by jury in forma pauperis. It would be a vain and useless thing for this matter to continue and be presented to a jury at a considerable cost and have the matter reversed because of the contributory negligence of the deceased as a matter of law."
The Court of Appeal said that Stein stands for the proposition that, barring any unusual circumstances, a motorist who collides with a train that has preempted an intersection is guilty of negligence as a matter of law and barred from recovering for his injuries. It followed Stein in affirming the judgment of the trial court, stating that there was no dispute as to the position of the boxcar.
Herein, plaintiff assigns the following two errors to the judgment of the Court of Appeal:
"1. The Court of Appeal erred in failing to presume the decedent motorist, Vinson, to have acted in a reasonable and prudent manner and in applying the reasoning in the Stein case to the instant case so as to grant summary judgment on the basis of contributory negligence, without having received evidence on contributory negligence.
"2. The Court of Appeal erred in failing to apply Stein only to those cases involving appeals after trial on the merits and particularly in applying the `assured clear distance' rule of Stein to the motorist who collides with a train contrary to the decision of the Supreme Court in Craker v. Allstate Insurance Company, 259 La. 578, 250 So.2d 746, 749."
Initially, we shall discuss the case of Stein v. Missouri Pacific Railroad Company, La.App., 166 So.2d 381, Writ Refused, (1964). Stein was a suit for damages arising out of an accident in which the plaintiff drove his employer's pickup truck into the side of the next to last car of a freight train which was slowly crossing a fourlane highway. After trial to a jury, plaintiff was awarded $150,000.
On appeal in Stein, the Court of Appeal reviewed the facts of the case in detail, stating at 166 So.2d p. 383 that: "However, it is our conclusion that we need not decide whether the defendant railroad was guilty of any negligence. Even if we were to assume, for the sake of argument, that this crossing was unusually dangerous and that the railroad did not put out fusees or give any other additional warnings, it is apparent that, under the facts of this case, plaintiff was guilty of contributory negligence barring his recovery." The Court of Appeal concluded, 166 So.2d at p. 385: "We have no difficulty in concluding that the plaintiff was guilty of contributory negligence barring his recovery. The law is clear that a motorist approaching a railroad crossing must use his senses of sight and hearing to discover the presence of trains and this duty increases where the motorist is familiar with the crossing. * * *" The judgment of the trial court was reversed by the Court of Appeal with the further conclusion: "* * * In the present case plaintiff's view of the train on the crossing was not obstructed in any manner. If he had performed his duty to look he could have easily seen the train." (The time was 9:30 p. m.; it was dark, but the weather was clear.)[2]
*514 The Stein decision of 1964 resulted in a conclusion that a party who runs his vehicle into a parked or stopped trainboxcar, freight car, etc.is guilty of contributory negligence if he suffers injuries in the train-car collision. This conclusion was drawn without a finding vel non of contributory negligence. There was a legal conclusion that such contributory negligence precluded recovery in a damage suit brought against the alleged offending railroad owner of the parked train. Herein, the trial court felt that it was precluded by the conclusions from a consideration of the facts of the instant case; it also felt that it was precluded from having the case tried to a jury. Thus, it granted the motion for summary judgment. The Court of Appeal, Third Circuit, the same circuit as decided Stein, enunciated supra what it thought had been held in Stein. Its thoughts were the same as those of the trial court.
Times have changed, and the last decade has brought additional Interstate Highways and four to six lane highways. Such roads provide for minimum speeds and permit speed to the rates of sixty to seventy miles per hour. In Craker v. Allstate Insurance Company, 259 La. 578, 250 So.2d 746 (1971), we held that the "range of vision" or "assured clear distance" rule was no longer controlling with regard to highway driving. We said, 250 So.2d at p. 749, that: "The old rule literally applied is no longer a practical or fair regulation for the nighttime speed of modern drivers of modern cars on our highways. Consequently the rule has been modified to incorporate this realization and to exact a standard of care of the nighttime driver based upon the broad requirement of reasonableness, a formula of negligence where there are few absolute rules and one requiring a careful consideration of all circumstances surrounding each case."
We think that the time has come for automobile-train collisions to be adjudged on their own facts and circumstancesthose surrounding the collision; litigants can no longer be subjected to hard and fast rules which are obsolete; there can be no absolute. This principle was so vividly recognized in the Code of Civil Procedure when the redactors stated in Article 5051 that: "The articles of this Code are to be construed liberally, and with due regard for the fact that rules of procedure implement the substantive law and are not an end in themselves."
At times, fog, smoke, and pollution permeate our atmosphere to the extent that early morning visibility is almost nil. On other occasions, fog lifts, and visibility is unobstructed. These are factual matters; they must be proved or disproved. Reason dictates that a boxcar could be almost invisible to the naked eye on certain occasions and under certain weather conditionsblanket fog, darkness, and a car of a color which blends with the color of the night. It follows that the contributory negligence of the automobile driver cannot be a predetermined matter. On the other hand, as was stated in Glisson, the automobile driver might have seen the train had he been as observant as he should have been. This also is a factual matter.
There are instances where the railroad company should be aware of atmospheric and environmental hazards and should take extraordinary precautions. Warnings should be extended; drivers should be alerted to unusual obstacles in their paths. The alleged negligence of the railroad becomes a matter of fact.
It is well established that the existence vel non of contributory negligence is *515 a question of fact, and that the arbiter of such fact is judge or jury. Mediamolle v. Texas & New Orleans Railroad Co., La. App., 169 So.2d 235 (1964). The rule is that: "To recover damages for injuries sustained through the alleged fault of another, the fault, and the connection between the fault and the injuries must be shown, with reasonable certainty. There can be no recovery where only the possibility or probability, of such fault and connection is shown. * * *" Cracker v. Allstate Insurance Company, 250 So.2d at p. 749.
We conclude and hold that each case presenting the issue of a train-car collision, whether the train be parked, stopped, or moving, should be tried on its own facts and circumstances; the negligence vel non of the railroad and the contributory negligence vel non of the automobile driver are matters of factual determination to be followed by the application of proper law. Only a trial on the merits will reveal the true facts of an accident; in other words, plaintiff and defendant must have their day in court.
Plaintiff alleges that the Court of Appeal should have presumed that the decedent acted in a reasonable and prudent manner. The reasonableness and prudence of the deceased is a factual matter and must be tried on the merits of this case. In Ebarb v. Southern Farm Bureau Casualty Ins. Co., 251 So.2d 100 (1971), the Court held: "Plaintiffs maintain that it is the law of this state that when the driver of a motor vehicle is killed in an accident, and by reason of his death he is unable to testify as to how the accident occurred, the law presumes that he was not negligent in bringing about his own death * * * In each of the cases cited the negligence of the defendant was established, and the presumption was invoked to hold the deceased person free of contributory negligence. The presumption is generally applied in the absence of eye witnesses, and it is a rebuttable presumption. * * *" (Emphasis ours)
Because of our findings supra with respect to the conclusions following Stein, we now conclude that both lower courts were in error in granting defendants' motion for summary judgment.
Article 966, supra, of the Code of Civil Procedure states that summary judgment shall be granted when there is no genuine issue as to material fact, and mover is entitled to judgment as a matter of law. All doubt concerning dispute as to a material issue of fact must be resolved against granting the motion for summary judgment and in favor of trial on the merits. Carney v. Hartford Accident & Indemnity Co., La.App., 250 So.2d 776, 779 (1971). It is well settled that a motion for summary judgment is not to be used as a substitute for trial. If there is any doubt concerning an absence of dispute as to a material fact, a motion for summary judgment must be denied and the matter resolved in favor of trial on the merits. Fisher v. Albany Machine & Supply Co., La. App., 246 So.2d 218, 229 (1971), 261 La. 747, 260 So.2d 691.
In disposing of a motion for summary judgment, the pleadings and annexed documents as well as the affidavits must be considered. Grace v. Morales, La.App., 210 So.2d 60 (1968). Plaintiff's pleadings which we have quoted supra allege in detail the alleged negligence of the defendants. The allegations pertain to material facts which require proof; such proof can only be adduced on trial of the merits. Defendants' answer avers contributory negligence, other than under the Stein rule, of the deceased. These averments can only be proved on trial. It follows that a trial on the merits of the instant matter *516 will produce an answer to the substantial controversy presented. The liberality of Article 5051, LSA-C.C.P., supra, is a proper vehicle to be employed herein for the denial of summary judgment.
For the reasons assigned, the judgment of the Court of Appeal, Third Circuit, is reversed and set aside; the case is remanded to the district court for trial on the merits according to law and consistent with the views hereinabove expressed. All costs to await the final determination of this cause.
Reversed and remanded.
DIXON, J., concurs.
TATE, Justice (concurring).
I concur fully in the excellent opinion of Chief Justice Hamlin. The effect of our ruling is to apply to all night motorists the same standard of care, when they run into a negligent obstruction of the highway not reasonably to be anticipated or observed, Craker v. Allstate Insurance Company, 259 La. 578, 250 So.2d 746 (1971), Suire v. Winters, 233 La. 585, 97 So.2d 404 (1957), whether they run into a truck or a train or whatever.
Glisson v. Missouri-Pacific Railroad Co., 246 La. 470, 165 So.2d 289 (1964), is the only recent expression of this court sometimes cited in support of an artificially high duty of motorists to observe trains at crossings. The facts there, of course, involved an accident at high noon when a car was struck by a moving train which the driver had failed to see approaching. Pretermitting whether the strict standard there so applied to a daytime accident at an obscured crossing is necessarily correct the decision's observations as to the duty to see a train approaching at high noon are obviously inapplicable to the present night accident.
I respectfully concur.
NOTES
[1] "The plaintiff or defendant in the principal or any incidental action, with or without supporting affidavits, may move for a summary judgment in his favor for all or part of the relief for which he has prayed. The plaintiff's motion may be made at any time after the answer has been filed. The defendant's motion may be made at any time.

"The motion for summary judgment shall be served at least ten days before the time specified for the hearing. The adverse party may serve opposing affidavits prior to the day of the hearing. The judgment sought shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to material fact, and that mover is entitled to judgment as a matter of law." Art. 966, LSA-C.C.P.
No affidavit was attached to defendants' motion for summary judgment.
[2] In Glisson v. Missouri Pacific Railroad, 246 La. 470, 165 So.2d 289 (1964), a case involving a moving car-train collision, this Court was impressed with the following statement of the Court of Appeal, 158 So.2d 875, 878 (1963): "The general rule of law is that a motorist approaching a railroad crossing must use his senses of sight and hearing for possible oncoming trains, before traversing the crossing. * * * A motorist negotiating a railroad crossing is burdened with the responsibility of seeing and hearing that which he could have seen and heard, and he is presumed in law to have seen and heard what he could have seen and heard. * * * If the motorist's view of the right of way is obstructed, he must exercise a higher degree of caution. * * *"

Glisson was quoted with approval in Stein with respect to the duty of a motorist approaching a railroad crossing.