343 So.2d 1171 (1977)
Barney R. WALKER, Plaintiff-Appellant,
v.
R. T. GRAHAM et al., Defendants-Appellees.
No. 5838.
Court of Appeal of Louisiana, Third Circuit.
March 4, 1977.
Rehearings Denied April 5, 1977.
Writ Refused June 1, 1977.
*1172 Franklin & Rothell by David A. Rothell, Shreveport, for plaintiff-appellant.
Plauche, Smith, Hebert & Nieset by James R. Nieset, Lakes Charles, Davis & Simmons by Kenneth N. Simmons, Many, George & George, Ltd., Baton Rouge, Caldwell Roberts, Mayer, Smith & Roberts, Shreveport, for defendants-appellees.
Before WATSON, GUIDRY and FORET, JJ.
FORET, Judge.
This suit was filed by Barney Walker against Trudie Cloud, R. T. Graham and Sidney Sanders for the purpose of recovering damages from them which are alleged to be due to the plaintiff as a result of the contraction by the plaintiff of serum hepatitis, which is alleged to have occurred as a result of the plaintiff accidently puncturing his skin on February 14, 1975, and again March 1, 1975, with hypodermic needles which had been negligently thrown into trash cans at the Allen Sanitarium at Converse, Sabine Parish, Louisiana. The defendants are alleged to have been supervisory employees of the hospital and further alleged to have been negligent in several respects including failure to provide the plaintiff a safe place within which to work, failure to initiate a proper method of disposing of used hypodermic needles, failure to remedy a dangerous situation, and failure to provide the plaintiff with protective clothing. By means of a third party demand the defendants named Dr. John Bagley, M.D. and the St. Paul Fire & Marine Insurance Company as third party defendants.
All of the original defendants, and third party defendants have denied any negligence on their part in connection with the plaintiff's injury, and alternatively plead contributory negligence and assumption of risk on the part of the plaintiff as a bar to his recovery.
Defendants, Sanders, Cloud and Graham, allege in their third party petition against Dr. Bagley, that Dr. Bagley was directly responsible for the supervision of the orderlies at Allen Hospital at all times and places pertinent in this lawsuit, and that further he was directly responsible for the initiation and institution of safety programs for the proper disposal of hypodermic needles after they had been used, at all times and places pertinent to this lawsuit.
Dr. Bagley subsequently filed a motion for summary judgment to which he attached an affidavit stating that in January, February and March of 1975, he maintained an office in the Allen Sanitarium, however at no time was he ever responsible for the supervision of orderlies at the Allen Sanitarium, and he was never responsible for the initiation and institution of safety programs for the proper disposal of hypodermic needles after they had been used.
Sanders, Cloud and Graham, the original defendants, then filed an opposition to Dr. Bagley's motion for summary judgment and attached thereto an affidavit contradicting the statements contained in the affidavit of Dr. Bagley. A motion for summary judgment was also filed by defendants Graham, Sanders and Cloud alleging that the pleadings and the deposition of plaintiff showed that there was no genuine issue as to material fact, but that even if the defendants could be proved negligent in causing injury to the plaintiff, then the contributory negligence of Barney Walker is so evident that there remains no relevant, genuine issue of fact, and therefore plaintiff should be found contributorily negligent as a matter of law and his suit dismissed.
On August 18, 1976, the trial court rendered a summary judgment in favor of defendants, Graham, Sanders and Cloud, dismissing plaintiff's suit at his costs. Plaintiff has appealed this adverse judgment.
A summary judgment may not be rendered unless the pleadings, depositions, affidavits, and like evidence show that there is no genuine issue as to material fact, and that the mover is entitled to judgment as a matter of law. C.C.P. Arts. 966, 967; State Farm Fire & Cas. Co. v. Sentry Indemn. *1173 Co., 316 So.2d 185 (La.App. 3 Cir. 1975); cases too numerous to cite. It is no substitute for a trial on the merits. All reasonable doubts are resolved against the granting of a summary judgment (Mandella v. Russo, 294 So.2d 598 (La.App. 4 Cir. 1974) even where it may be favored by a preponderance of the evidence. Odom v. Hooper, 273 So.2d 510 (La.1973) (contributory negligence); Kay v. Carter, 243 La. 1095, 150 So.2d 27 (1963).
We are aware of two recent Louisiana Supreme Court decisions dealing with the issue of granting a summary judgment against a plaintiff where defendant alleges that plaintiff was contributorily negligent as a matter of law. The first such case is Odom v. Hooper, supra, decided by the Supreme Court in 1973. Odom involved a suit by a mother for damages for the death of her son resulting from an automobile-train collision wherein plaintiff's son crashed into a stopped, unlighted boxcar, where the defendant's railroad tracks intersected with Broadway Street in the City of Alexandria. The defendants filed a motion for summary judgment. The trial court granted the motion for summary judgment, based on its holding that plaintiff's son was contributorily negligent as a matter of law, and accordingly dismissed plaintiff's suit. Plaintiff appealed, and we affirmed at 257 So.2d 797. On certiorari the Supreme Court reversed and remanded. The Court held that reasonableness and prudence of a deceased driver was a factual matter and must be tried on the merits of the case.
To quote from Odom at page 514:
"It is well established that the existence vel non of contributory negligence is a question of fact, and that the arbiter of such fact is judge or jury. (citations omitted). The rule is that: `To recover damages for injuries sustained through the alleged fault of another, the fault, and the connection between the fault and the injuries must be shown, with reasonable certainty. There can be no recovery where only the possibility or probability of such fault and connection is shown.. . .' Cracker v. Allstate Insurance Company, 259 La. 578, 250 So.2d 746, at p. 749."
We do not wish to quote excessively from Odom, which contained considerable language to the effect that summary judgments should be granted only in those cases where there is absolutely no genuine issue as to material facts, and that all reasonable doubt should be resolved against the mover for a summary judgment, however it should be noted that the Court stated at page 515 as follows:
"In disposing of a motion for summary judgment, the pleadings and annexed documents as well as the affidavits must be considered. Grace v. Morales, La. App., 210 So.2d 60, 1968. Plaintiff's pleadings . . . allege in detail the alleged negligence of the defendants. The allegations pertain to material facts which require proof; such proof can only be adduced on trial of the merits. Defendant's answer avers contributory negligence,. . . These averments can only be proved on trial. It follows that a trial on the merits of the instant matter will produce an answer to the substantial controversy presented. The liberality of Article 5051, LSA-C.C.P. . . . is a proper vehicle to be employed herein for the denial of summary judgment."
Article 5051 of the Code of Civil Procedure states as follows:
"The articles of this Code are to be construed liberally, and with due regard' for the fact that rules of procedure implement the substantive law and are not an end in themselves."
The other Supreme Court case to which we alluded above is Cates v. Beauregard Electric Co-Operative, Inc., 328 So.2d 367 (La.1976). In Cates the suit was against an owner of a utility pole and the owner of land where the pole was located, to recover for injuries sustained by a youth, sixteen years of age, when he touched an energized electric wire on the pole. The facts show that the boy had climbed the pole to cut an electric wire under the assumption that there was no "live" wires on the pole. On motion for summary judgment the trial *1174 court held that the boy was contributorily negligent with respect to the injuries sustained when he climbed the pole and touched the energized electric wire. We affirmed at 316 So.2d 907, as did the Supreme Court.
We find the factual situation in the case at bar to be substantially more akin to the Odom decision than it is to the Cates decision. In Cates the plaintiff was a trespasser who recklessly placed himself in the position of great danger by his negligent acts. Cates therefore presents a stronger case on its own facts than did Odom and then do the facts in the case at bar, and is distinguished on that ground.
There is no doubt that there is a legal duty imposed on an employer to furnish employees with a safe place to work and the employer is under an additional duty to reasonably protect those employees, who, due to either youth or inexperience, may be assumed unlikely to use due precautions. Parrenin v. Crescent City Stock Yard, 120 La. 75, 44 So. 990 (1907); and an employer has a duty of not only warning an inexperienced employee (17 year old boy) of the dangers of his employment, but he must also instruct the employee on how to avoid the dangers. Parker v. Crowell & Spencer Lumber Co., 115 La. 463, 39 So. 445 (1905). The mere fact that an employee has knowledge of the existence of certain dangers connected with his employment will not always prevent his recovery for injuries received because of such dangers. Gusman v. Caffery Central Refinery & Railroad, 49 La.Ann. 1264, 22 So. 742 (1897).
In the case at bar plaintiff, Barney Walker, was but 19 years of age and obviously inexperienced in the work in which he was doing. There is nothing to show that he knew what hepatitis was, or that he assumed the risk of contracting same from discarded hypodermic needles. It is fairly clear from his deposition that he knew of the presence of the needles in the disposable garbage bags which he was handling, but there remains open the question as to whether or not the defendants (assuming arguendo that they were responsible for doing so) gave plaintiff any special instructions as to how to handle these bags, or that he was furnished with and/or advised to wear protective clothing and/or gloves. The question further remains as to whether any other method, than that which he used, could have been used by the plaintiff in disposing of the garbage.
There exists the further issue as to whether or not defendants are chargeable with aggravated negligence, in which case plaintiff's contributory negligence would have to be of a reckless character to defeat his recovery. All of those, and possibly other issues, remain open to questions, the answers to which can only be resolved at trial on the merits.
For the foregoing reasons, the judgment appealed from is reversed, and the matter is hereby remanded to the trial court for further proceedings.
All costs of this appeal are assessed against the defendants-appellees.
REVERSED AND REMANDED.