385 So.2d 366 (1980)
Gary Wayne TURBERVILLE
v.
GEORGIA PACIFIC CHEMICAL CO. et al.
No. 13215.
Court of Appeal of Louisiana, First Circuit.
March 31, 1980.
J. Rodney Ryan, Jr., Henry D. Salassi, Jr., Baton Rouge, for plaintiff-appellant, Gary Wayne Turberville.
Edward W. Gray, Vincent P. Fornias, Baton Rouge, for defendants-appellees, Georgia Pacific Corp., et al.
Before COVINGTON, LOTTINGER and COLE, JJ.
COLE, Judge.
Plaintiff-appellant, Gary Wayne Turberville, appeals the dismissal on a summary judgment of Georgia Pacific Corporation (Georgia Pacific) and its insurer, Hartford *367 Accident & Indemnity Company. The dismissal was based on a determination by the trial court that Georgia Pacific was, by virtue of La.R.S. 23:1061, plaintiff's statutory employer, against which the exclusive remedy is workmen's compensation. La. R.S. 23:1032. Plaintiff asserts the trial court erred in granting the motion for summary judgment contending there exists a genuine issue of material fact, thus posing this pivotal question to us.
Plaintiff brought suit in tort for the injuries he received while working at Georgia Pacific's plant in Iberville Parish as an employee of Master Maintenance Engineering, Inc. (Master Maintenance). He was injured when he fell approximately fifteen feet while trying to move a scaffold board. Plaintiff was using the scaffold to paint some steam lines that ran along the inside wall of the cell renewal building.
There is no dispute over how the accident occurred. Also both sides agree routine maintenance is part of the regular business of the Georgia Pacific plant, which is a chemical manufacturing plant. What is debated is whether the painting which plaintiff was engaged in at the time of the accident was new construction or routine maintenance. This is clearly a factual question. We must determine whether the pleadings, affidavits and depositions on file create a genuine issue as to this material fact. If this question is answered in the affirmative, summary judgment is inappropriate in this instance. C.C.P. Art. 966. The trial court, stating there was no issue of fact, found plaintiff's activity to be routine maintenance.
The fact question of whether plaintiff was engaged in routine maintenance or new construction at the time of the accident is critical in determining if Georgia Pacific was plaintiff's statutory employer. Our law requires the work involved be done in the trade, business or occupation of a principal before the principal acquires that status, becomes liable for workmen's compensation, and thus immune from tort liability. La.R.S. 23:1061. Whether a particular activity constitutes a part of the trade, business or occupation of a principal must be decided on the particular facts of each case. Lushute v. Diesi, 354 So.2d 179 (La.1978). Our jurisprudence supports the rationale that construction of a new facility is not a part of the trade, business or occupation of a chemical manufacturing plant such as Georgia Pacific. Reeves v. Louisiana and Arkansas Railway Company, 282 So.2d 503 (La.1973); Boudreaux v. Boudreaux, 369 So.2d 1117 (La. App. 1st Cir. 1979). See also, Moak v. Link-Belt Company, 229 So.2d 395 (La.App. 4th Cir. 1969), involving a sugar refinery; and, Ball v. Kaiser Aluminum & Chemical Corporation, 112 So.2d 741 (La.App. Orl. Cir. 1959), involving the production of aluminum.
In support of its motion for summary judgment, Georgia Pacific filed the affidavit and deposition of H. A. Lloyd, industrial relations manager for Georgia Pacific, and the affidavit and deposition of Norman Deumite, the principal shareholder and general manager of Master Maintenance. From these documents we learn the following.
The cell renewal building in which plaintiff was injured was part of a recently constructed chlorine facility, which at the time of the accident had not yet gone on stream. Nichols Construction Company and Payne & Keller Construction Company had built the chlorine facility for Georgia Pacific. The cell renewal building was to be used for the cleaning and repairing of chlorine cells. This work was to be performed by Master Maintenance, which had contracted with Georgia Pacific to provide general maintenance and repair work. Since the new chlorine facility was not yet on stream, Master Maintenance had its employees cleaning the newly constructed cell renewal building and preparing it for work on the chlorine cells. Lloyd and Deumite both assert that the construction of the building had been completed, that Master Maintenance had no part in the construction, and that the painting of the steam lines was routine maintenance.
*368 In opposition to the motion for summary judgment, plaintiff filed an affidavit in which he stated the steam line he was painting had never been painted and the painting was part of the completion of the cell renewal building, which was still in the process of construction.
Unlike the trial court, we find plaintiff's affidavit does create a genuine issue of material fact as it contradicts the assertion of Georgia Pacific's witnesses that the construction of the cell renewal building had been completed. With that fact in doubt, the undisputed evidence does not compel the conclusion that the painting plaintiff was engaged in was routine maintenance. At trial there can be further development of the relationship between painting and the completion of construction.
The trial court was in error to weigh the conflicting evidence and conclude construction had been completed. A summary judgment is not to be used as a substitute for a trial on the merits. The court should not seek to determine whether it is likely the mover will prevail on the merits but rather whether there is an issue of material fact. In ruling on the motion, all doubts as to the propriety of a summary judgment are to be resolved against the mover. The evidence should be liberally construed in favor of the party opposing the motion. Odom v. Hooper, 273 So.2d 510 (La.1973); Walker v. Graham, 343 So.2d 1171 (La.App. 3d Cir. 1977); Green v. Southern Bell Telephone & Telegraph Company, 204 So.2d 648 (La.App. 3d Cir. 1967).
Georgia Pacific argues in the alternative that even if plaintiff's activity is labeled new construction, the summary judgment was properly granted because the construction of the cell renewal building was an essential part of its business. It cites Slocum v. Lamartiniere, 369 So.2d 201 (La. App. 3d Cir. 1979), and Hebert v. Gulf States Utilities Company, 369 So.2d 1104 (La.App. 1st Cir. 1979), in support. Those cases are factually inapposite. It must be noted in this case Georgia Pacific did not try to construct the cell renewal building, either partly or in its entirety. Thus, it did not become its own contractor for that purpose. Regardless, there is insufficient evidence before us on which to base a conclusion that construction of the building was an essential part of Georgia Pacific's business.
For the foregoing reasons, the judgment of the trial court is reversed and the case is remanded for further proceedings. Costs will be assessed upon final disposition.
REVERSED AND REMANDED.