425 So.2d 310 (1982)
James FRYE, Plaintiff-Appellant,
v.
TEXAS BRINE CORPORATION, et al., Defendants-Appellees.
No. 82-356.
Court of Appeal of Louisiana, Third Circuit.
December 22, 1982.
Francis E. Mire, Lake Charles, for plaintiff-appellant.
Plauche, Smith & Nieset, Allen L. Smith, Jr., Lake Charles, for defendants-appellees.
Before DOMENGEAUX, FORET and LABORDE, JJ.
LABORDE, Judge.
This is an appeal from the granting of a motion for summary judgment in a personal injury action in favor of the defendants, Stan Lambert, alleged tort-feasor; and his general employer, Texas Brine Corporation.
Finding the existence of a genuine issue of material fact which must be resolved *311 upon the merits, we reverse and remand this matter to the trial court.
The issues presented on appeal are:
1) Whether there is no genuine issue as to material facts, hence, establishing Stan Lambert as a "borrowed employee";
2) Whether the general employer of an employee remains liable for its employee's tort, despite the circumstances that the employee had been borrowed to perform services for a special employer at the time of the accident.
This suit arose out of an accident which occurred on April 29, 1981, at Texas United Chemical Corporation's plant in Calcasieu Parish, Louisiana. On that date, the plaintiff, James Frye, was employed by the Texas United Chemical Corporation. The plant was a new plant and had been constructed by H.E. Wiese Construction Company. During the construction of the plant, Texas Brine Corporation sent two of its specialty employees, Bob Lang and Stan Lambert, to the construction site to coordinate the construction of the plant with the contractor, Wiese. Lambert had been designated by Texas Brine to remain at the plant after its completion to assist Texas United in its start-up operation.
On the day of the accident, Frye was changing out valves on certain lines in the plant. Stan Lambert opened one of the valves which caused acid to be sprayed on Frye and also resulted in him inhaling the fumes. As a result of this incident, Frye asserts he is disabled.
This suit was filed by Frye against Texas Brine and Stan Lambert alleging the negligence of Lambert as a cause of his disability. Texas Brine and Lambert subsequently filed a motion for summary judgment seeking a dismissal of Frye's suit on the ground that Lambert was a borrowed employee of Texas United at the time of the accident. In such regard, Lambert argues that since he was a borrowed employee of Texas United and thus, a co-employee of Frye, Frye may not maintain the instant action against him since such suits are prohibited by the Louisiana Worker's Compensation Act, specifically LSA-R.S. 23:1032.[1] Texas Brine argues since Lambert has no delictual liability it is clear that his general employer, Texas Brine, has none. The trial judge, after examining the evidence, ruled in favor of defendants. Plaintiff appeals from the dismissal of his suit.
The jurisprudence concerning summary judgment is well settled. In Vascocu v. Singletary, 404 So.2d 301 (La.App. 3rd Cir. 1981), we made the following observations:
"LSA-C.C.P. Article 9663 provides that a motion for summary judgment shall be rendered forthwith if the pleadings, depositions, answers to interrogatories and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to material fact, and that mover is entitled to judgment as a matter of law.
In deciding whether all material issues have in fact been disposed of, any doubt is to be resolved against the granting of summary judgment and in favor of trial on the merits. Sanders v. Hercules Sheet Metal, Inc., 385 So.2d 772 (La.1980); Chalson v. Domingue, 372 So.2d 1225 (La. 1979); Employers' Surplus Line Insurance Company v. City of Baton Rouge, 362 So.2d 561 (La.1978).
On a motion for summary judgment, the court must first determine whether the supporting documents presented by the moving party are sufficient to resolve all material fact issues. If they are not sufficient, summary judgment must be denied. Only if they are sufficient does the burden shift to the *312 opposing party to present evidence that material facts are still at issue; only at this point may he no longer rest on the allegations and denials contained in his pleadings. Sanders v. Hercules Sheet Metal, Inc., supra."

BORROWED EMPLOYEE
Whether a person is a borrowed employee is an issue of fact. This fact question is critical in determining if Lambert is immune from liability under LSA-R.S. 23:1032.
Our review of the record reveals the following pertinent facts presented by the movers, Lambert and Texas Brine: Texas Brine had no interest in the operation of the plant at the time of the accident; Texas Brine was receiving reimbursement from Texas United for the amount of wages it paid to Lambert; Texas United paid for all of Lambert's additional expenses including per diem and expense account charges for living in a motel and travel; Lambert reported to Texas United's plant manager, Dave Post, for his instructions while on the job; Dave Post testified that the construction of the plant was completed by April 10, 1981; H.E. Wiese Construction Co., therefore, had concluded its work and left the plant site; the plant was in the start-up stage of operation and Lambert was assisting in this start-up when the accident occurred.
In opposition to the motion for summary judgment, Frye filed an affidavit in which he stated the following:
"True, H.E. Weiss Corporation was no longer there but had not completed their contract and Texas Brine was completing it. An outside welder was employed to come in and do some of the work such as constructing walkways for employees to walk over the pipe, and many change orders in the piping were completed by this contract welder. The plant was not in production and other matters such as the filtering process and the automatic control for the filtering process had to be changed and all of this is work that should have been completed by the original contractor but Texas Brine was having this completed by the contractor and Stan Lambert was still there supervising and in the same capacity as during the entire time that Weiss Corporation was constructing the plant."
Unlike the trial court, we find Frye's affidavit does create a genuine issue of material fact as it contradicts the assertion of Texas United's witnesses that the construction was completed and that Lambert was assisting Texas United in their operation. With that fact in doubt, the undisputed evidence does not compel the conclusion that Lambert was not working directly for Texas Brine and was a borrowed employee of Texas United. At trial there can be further developments of the relationship between Lambert and Texas United at the time of the accident.
The trial court was in error to weight the conflicting evidence and conclude Lambert was a borrowed employee of Texas United. A summary judgment is not to be used as a substitute for a trial on the merits. The court should not seek to determine whether it is likely the mover will prevail on the merits but rather whether there is an issue of material fact. In ruling on the motion, all doubts as to the propriety of a summary judgment are to be resolved against the mover. The evidence should be liberally construed in favor of the party opposing the motion. Turberville v. Georgia Pac. Chemical Co., 385 So.2d 366, (La. App. 1st Cir.1980).
Due to the holding of this court, the issue of the general employer's liability is premature.
For the foregoing reasons, the judgment of the trial court is reversed and the case is remanded for further proceedings. Costs will be assessed upon final disposition.
REVERSED AND REMANDED.
NOTES
[1] LSA-R.S. 23:1032

"The rights and remedies herein granted to an employee or his dependent on account of an injury, or compensable sickness or disease for which he is entitled to compensation under this Chapter, shall be exclusive of all other rights and remedies of such employee, his personal representatives, dependents, or relations, against his employer, or any principal or any officer, director, stockholder, partner or employee of such employer or principal, for said injury, or compensable sickness or disease..."