BOWES, Judge.
This case comes to us on appeal from a summary judgment granted in favor of defendants, McCarty Corporation and Marathon Oil Company. We reverse the district court and remand the case for trial on the merits.
Plaintiff, Cindy Bozeman, surviving spouse of James Bozeman, filed suit on November 26, 1980, against defendants, alleging negligence on the part of defendants, which led to an accident causing decedent’s demise. Virtually simultaneously, Merle Clark filed suit as natural tutrix of Jon Bozeman, the legal child of petitioner’s former marriage. It was alleged in both petitions that decedent sustained fatal injuries on December 11, 1979, as he descended from an elevated work area and slipped on wet insulation. Bozeman was employed by Scaffolding Rental and Erection Services, Inc.; Scaffolding was a subcontractor of Fluor Engineers and Constructors, Inc.; and Fluor had contracted with Marathon Oil Company for the engineering and building of a Fluid Catalytic Cracking Unit at Marathon’s refinery in Garyville, Louisiana. Fluor, in turn, subcontracted part of this work to other companies, including Scaffolding and the McCarty Corporation. McCarty was to insulate various exposed piping and Scaffolding was to put up and take down the scaffold structures required by McCarty. Plaintiffs in both suits alleged that the fall was directly caused by a rain-slick area of insulation material left by McCarty. Both plaintiffs urged strict liability under the code involving a defect on premises owned by Marathon and averred negligence on the part of both defendants. The cases were consolidated.
On January 18, 1982, the trial court granted summary judgment in favor of Marathon, dismissing Marathon from the lawsuits in one judgment. After a motion styled by plaintiff as a “reconsideration”, the trial court made the January judgment final. No reasons for judgment were given.
The basis of Marathon’s motion for summary judgment was the 1979 amendment to R.S. 23:1035, which states in pertinent part: “A. The provisions of this Chapter shall also apply to every person performing services arising out of and incidental to his employment in the course of his own trade, business, or occupation, or in the course of his employer’s trade, business, or occupa-tion_”
Defendant contends that as long as the work being performed by the employee was in the course of his own trade, business, or occupation, then he is covered by the act. Marathon’s argument is just that simple — • that a carpenter engaged in carpentry work at the time of an accident is protected by the workmen’s compensation law, which is his exclusive remedy. Liability of any and all employers or parties for whom work is being done is limited to compensation and such parties are thereby immune to tort liability. We find this to be an original, if unpersuasive, point of view, because it is so illogical.
Such a line of reasoning would, of necessity, set up a tort immunity for all persons who employ individuals in that individual’s particular trade or occupation.
If we take this reasoning to its logical, if extreme, conclusion, we could have the following situation: Carpenter A, employed by contractor B, is building a garage onto the home of Mr. C. A is injured due to a hidden defect on C’s property. His only remedy against C would be in workmen’s compensation, since he was a carpenter, working at his profession, at the time of the accident. There would be no opportunity for tort recovery under such law as Civil Code Articles 2315, etc.
The absurdity of the situation should require no further illustration. The purpose of R.S. 23:1061[1] was to protect the *1161 employee from an employer seeking to avoid his compensation responsibility by interposing an independent contractor between himself and the employee. The purpose of the amendment to 1035 is evidently to permit a contractor to be covered under this act while he is engaged in his own trade, business, or occupation, and not to exclude an owner-contractor solely because he operates his own business. A recent Third Circuit case cited by plaintiff Bozeman bolsters this conclusion: Dyer v. Goleman, 414 So.2d 796 (La.App.1982).
R.S. 23:1035 does not vitiate the impact of 23:1061. The definition of a statutory employer under that law is as viable today as before the 1979 amendment. A prerequisite to a finding that an employer is covered under 1061 is a finding that the principal has undertaken work which is a part of his trade, business, or occupation, and it is that work in which the employee was injured.
In Tuberville v. Georgia Pacific Chemical Co., 385 So.2d 366 (La.App. 1st Cir.1980), the court had this to say:
Our law requires the work involved be done in the trade, business or occupation of a principal before the principal acquires that status, becomes liable for workmen’s compensation and thus immune from tort liability.
The Fourth Circuit in Baker v. T.L. James & Co., Inc., 398 So.2d 1223 (La.App. 4th Cir.1981), quoted, with approval, from Vincent v. Ryder Enterprises, 352 So.2d 1061 (La.App. 3rd Cir.1977), four essential elements which must be present in order for R.S. 23:1061 to be applicable in providing tort immunity for a principal:
(1) The relationship of principal-contractor (as distinguished from another type of relationship, i.e., vendor-vendee) must exist.
(2) There must be a contract between the principal and contractor for the execution by the contractor of the whole or any part of the work being undertaken by the principal.
(3) The ‘work’ which is the subject of the contract must be part of the principal’s trade, business or occupation.
(4) The injured employee must be engaged in the execution of the ‘work’ as described above.
We agree.
The present case discloses an important question of fact unanswered in the record before us—was the work being performed a part of the principal’s trade, business or occupation? Certain statements made by defense counsel at the hearing on the motion for summary judgment indicate to this court that defendant may very well not be immune from tort liability as a statutory employer. Counsel, on page 5 of the transcript of the January 7th hearing, stated: “I am not asserting that major new plant expansion is within the course of Marathon’s trade, business or occupation.... ”
However, we do not feel that the question has yet been resolved in favor of plaintiff. All reasonable doubts are to be resolved against the granting of a summary judgment, even where it may be favored by a preponderance of the evidence. Walker v. Graham, 343 So.2d 1171 (La.App. 3rd Cir.1977). Therefore, we conclude that there is, indeed, a genuine issue of material fact remaining in this case, mainly whether Bozeman was injured while doing “work” within the regular course of Marathon’s *1162 business and possibly other such issues. In any event, summary judgment should not have been granted.
Accordingly, the judgment appealed from is reversed and the cases remanded to the district court for trial on the merits.
REVERSED AND REMANDED.

. 1061. Principal contractors; liability
Where any person (in this section referred to as principal) undertakes to execute any work, which is a part of his trade, business, or occupation, or which he had contracted to perform, and contracts with any person (in this section referred to as contractor) for the execution by or under the contractor of the whole or any *1161 part of the work undertaken by the principal, the principal shall be liable to pay to any employee employed in the execution of the work or to his dependent, any compensation under this Chapter which he would have been liable to pay if the employee had been immediately employed by him; and where compensation is claimed from, or proceedings are taken against, the principal, then, in the application of this Chapter reference to the principal shall be substituted for reference to the employer, except that the amount of compensation shall be calculated with reference to the earnings of the employee under the employer by whom he is immediately employed.
Where the principal is liable to pay compensation under this Section, he shall be entitled to indemnity from any person who independently of this Section would have been liable to pay compensation to the employee or his dependent, and shall have a cause of action therefor.