DENNIS, Justice,
dissenting.
I respectfully dissent.
Whether a particular activity constitutes part of the trade, business or occupation of a principal such that the exclusive remedy of an employee who is injured while performing such activity is in workers’ compensation must be decided on the particular facts of each case. Turberville v. Georgia Pacific Chemical Co., 385 So.2d 366 (La.App. 1st Cir.1980).
It is not clear that the City of Thibodaux was in the business of providing electricity at the time of plaintiff’s accident. While it may be evident that the City , owned the electric system, because of the peculiar circumstance that it retained ownership because it was obligated to do so under its bond commitments and had actually completely divested itself of control of the utility, it may not have properly fallen within the statutory employer classification of the Workers’ Compensation statute. La.R.S. 23:1061. The unique relationship between the City and LP & L and the effects which flowed from that relationship were not appropriately decided on summary judgment.
Statutory employer liability is created to protect employees of irresponsible and uninsured subcontractors by imposing ultimate liability on the presumably responsible principal contractor who is empowered to choose subcontractors, to pass upon their responsibility and insist upon appropriate *564 compensation for their workers. See Larson, Workmen’s Compensation Law § 49.10 (1980). LP & L was not irresponsible, and in fact, acted as the principal contractor in this case. By recognizing statutory employer status the majority has given the City windfall immunity from tort liability. Such a windfall contributes nothing to the purpose of statutory employer legislation.