LABORDE, Judge.
This is an appeal by plaintiffs, Fu Ching and Helen Ching, of a summary judgment granted in favor of defendant, Blue Cross of Louisiana (Blue Cross). For the reasons assigned, we reverse and remand the case for a full trial on the merits.
FACTS
On March 3, 1982, plaintiffs entered a Blue Cross office in Lafayette, Louisiana, to purchase hospitalization insurance. Mr. Ching, speaking to David Scammel, a Blue Cross agent, requested that he and his wife be issued a major medical hospitalization policy. Scammel showed at least two documents to the Chings, including an application form and an information brochure. Mr. Ching signed the application form in three places, gave Scammel a check for $156.39, and left with Mrs. Ching. The next day, Mr. Ching suffered serious injury in an automobile accident. He and Mrs. *1050 Ching sued Blue Cross and several other defendants to recover medical expenses and other damages. Blue Cross resisted the demand, alleging that its policy was not yet in effect when the accident occurred, then moved for and obtained a summary judgment. The issue on appeal is whether plaintiffs’ allegations that the agent of Blue Cross accepted the application and guaranteed coverage effective March 3, 1982, created a genuine issue of fact which precluded summary judgment on the issue of Blue Cross’ liability.
LAW
A motion for summary judgment shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to material fact, and that mover is entitled to judgment as a matter of law. LSA-C.C.P. Article 966(B).
In deciding whether all material issues have in fact been disposed of, any doubt is to be resolved against the granting of summary judgment and in favor of trial on the merits. Frye v. Texas Brine Corporation, 425 So.2d 310 (La.App. 3d Cir.1982).
Plaintiffs allege that agent Scammel, after accepting the check in payment of the registration fee and one month’s insurance coverage, left the room momentarily, then returned to advise plaintiffs that their application had been approved. Blue Cross alleges that the agent made no such representation and that plaintiffs’ application was not accepted by Blue Cross until after Mr. Ching’s accident. Consequently, Blue Cross concludes, Mr. Ching’s injuries are not compensable.
We easily conclude that the parties' contrary assertions, as reflected in the pleadings, depositions, and Mr. Ching’s affidavit regarding the Blue Cross agent’s representations, create a genuine issue of material fact bearing on Blue Cross’ liability in contract. The trial court erred in ruling otherwise.
For the above and foregoing reasons, the summary judgment is reversed and the case is remanded for a full trial on the merits. Costs of this appeal are assessed against defendant, Blue Cross.
REVERSED AND REMANDED.