**Betty MATTHEWS, Plaintiff-Appellant,**

v.

**UNITED STATES of America; William French Smith, Attorney General of the United States of America, Defendant-Appellee.**

**No. 86–2592.**

United States Court of Appeals,
Fourth Circuit.

Argued April 9, 1987.
Decided Aug. 4, 1987.

Joseph Daniel Gallagher (Cynthia A. Raposo; Gill & Sippel, Rockville, Md., on brief), for plaintiff-appellant.

Peter M. Semel, Asst. U.S. Atty. (Breckinridge L. Willcox, U.S. Atty., Larry D. Adams, Asst. U.S. Atty., Baltimore, Md., Dennis Boyle, Law Clerk, on brief), for defendant-appellee.

Before WIDENER and ERVIN, Circuit Judges, and ANDERSON, United States District Judge for the District of South Carolina, sitting by designation.

PER CURIAM:

The sole issue raised by this appeal is whether the defendant, the United States of America, is immune from suit in this action because it is a statutory employer within the meaning of the Maryland Workers' Compensation Act. The district court concluded that the United States did qualify as a statutory employer and granted summary judgment for the defendant. We reverse.

Plaintiff, Betty J. Matthews, initiated this action against the United States pursuant to the Federal Tort Claims Act, 28 U.S.C. § 2671, *et seq.*, for injuries she received in January of 1984 when she slipped and fell on a sidewalk maintained by the General Services Administration. She attributes her fall to the sidewalk's icy condition and claims that recently fallen snow concealed the ice.

At the time of the incident, plaintiff was employed by Calculon Corporation ("Calculon"). Calculon was engaged in the performance of a government contract for the Department of Energy ("DOE") at its Germantown, Maryland, facility. The contract between Calculon and the DOE was a cost plus award fee contract. In the contract itself, the government required Calculon, an independent contractor, to carry workers' compensation insurance for its employees. Because this was a cost plus contract, the United States paid for the insurance indirectly. After the incident, Ms. Matthews received payments from Calculon's workers' compensation carrier.

DOE's operations depend upon a nationwide computer system and a telecommunication network. Under the terms of its contract, Calculon agreed to provide the government with automatic data processing and telecommunication services.

The scope of the United States' liability under the Federal Tort Claims Act is determined by the "law of the place where the act or omission occurred." 28 U.S.C.A. § 1346(b) (West 1976). Because this accident occurred in Maryland, that state's law clearly applies. Therefore, the question presented here is whether a private individual, situated as the government is situated, could invoke the statutory employer defense under Maryland law.

The statutory employer concept, which is a feature of most workers' compensation statutes, is designed to prevent the unfairness which would occur when a general contractor subcontracts a major portion of its work to various subcontractors who are financially irresponsible and who do not carry workers' compensation insurance. These statutes generally provide that employees of the subcontractor may file workers' compensation claims against the general contractor, who is deemed to be the "statutory employer" of the injured worker. The converse of this right of recovery, of course, is that the statutory employer is immune from suit in a common law tort action brought by the statutory employee. J. Pressman, *Workman's Compensation in Maryland*, § 204(3) (1979).

Section 62 of the Maryland Workers' Compensation Act defines those circumstances in which a third party may be deemed a statutory employer. In pertinent part, the statute provides:

When any person as a principal contractor, undertakes to execute any work

which is a part of his trade, business or occupation which he has contracted to perform and contracts with any other person as subcontractor, for the execution by or under the subcontractor, of the whole or any part of the work undertaken by the principal contractor, the principal contractor shall be liable to pay to any workman employed in the execution of the work any compensation under this article which he would have been liable to pay if that workman had been immediately employed by him ...

Md.Ann.Code art. 101, § 62 (1957). When the requirements of § 62 have been met, the principal contractor may invoke the same immunity from common law tort liability available to the actual employer of the injured worker. *State v. Bennett Building Co.*, 154 Md. 159, 161–62, 140 A. 52, 53 (1928).

Maryland courts which have addressed the issue have outlined the requirements for qualifying as a statutory employer. A statutory employer is:

(1) A principal contractor

(2) who has contracted to perform work

(3) which is part of his trade, business or occupation; and

(4) who has contracted with another party as a subcontractor for the execution by or under the subcontractor of the whole or part of such work.

*Lathroum v. Potomac Electric Power Co., Inc.*, 309 Md. 445, 524 A.2d 1228 (1987); *Brady v. Ralph Parsons Co.*, 308 Md. 486, 520 A.2d 717 (1987); *W.C. & A.N. Miller Development Co. v. Honaker*, 40 Md.App. 185, 388 A.2d 562 (1978); *Honaker v. W.C. & A.N. Miller Development Co.*, 278 Md. 453, 365 A.2d 287 (1976).[1] Maryland courts have thus held that the statute requires *two* contracts. The first contract, the antecedent or prime contract, is between the original contractor and a third party whereby it is agreed that the principal contractor will execute certain work for a third party. *Brady v. Ralph Parsons Co.*, 308 Md. at 504, 520 A.2d at 727. The second contract is between the principal contractor and a subcontractor whereby the subcontractor agrees to do the whole or part of such work that the principal contractor agreed to perform for the third party. *Id.*

In the present action, although the defendant can show the existence of a contract with Calculon, it has failed to show the existence of a second contract—an antecedent or prime contract—with a third party for the performance of an identifiable task. The district court, in a very thorough opinion, concluded that the defendant in this case met the definition of a principal contractor under § 62 of the Maryland statute, even though two specifically identifiable contracts could not be shown. The district court reasoned that DOE, in entering into a contract with Calculon, sublet to Calculon a portion of its obligation to implement congressionally mandated programs. In the opinion of the district court, this "antecedent obligation" to implement programs mandated by the United States Congress fulfilled the requirement of a prime contract envisioned by the Maryland statute.

In reaching this conclusion, the district court relied upon what was, at the time, the most recent pronouncements of the Maryland state courts on the subject. *Honaker v. W.C. & A.N. Miller Development Co.*, 278 Md. 453, 365 A.2d 287 (1976 [*Honaker I*]) and *W.C. & A.N. Miller Development Co. v. Honaker*, 40 Md.App. 185, 388 A.2d 562 (1978 [*Honaker II*]).[2]

---

**1.** As noted hereinafter, both *Lathroum* and *Brady* were decided after the district court awarded summary judgment in this case.

**2.** In *Honaker I*, the facts were as follows: Miller was erecting a house on property it owned in Maryland and entered into a contract with Orndoff whereby Orndoff agreed to furnish all labor and materials to install a roof on the house. Honaker was an employee of Orndoff who was injured while working on the roof. He filed a tort action against Miller, who interposed the statutory employer defense. Because the record in the *Honaker I* appeal did not show the existence of a prime contract between Miller and a third party, the court held that the statutory employer section of the code did not apply. The case was remanded for trial, whereupon Miller produced a contract showing that it had agreed to build the house for Mr. and Mrs. DeJanikus. The case proceeded to trial and the jury returned a verdict against Miller, which the trial judge refused to set aside. The case was

The district court read *Honaker I* and *Honaker II* as rejecting a mechanical reading of the two contract requirement. The test enunciated in the two decisions, reasoned the district court, reflects an effort to distinguish those situations in which the defendant is a buyer and the plaintiff's employer a seller from situations in which the defendant is a principal contractor and the plaintiff's employer is a subcontractor. In the instant case, the court below concluded that the relationship between Calculon and the defendant was not simply that of a seller and buyer. Rather, under the terms of the Calculon/DOE contract, Calculon provided services in accordance with DOE specifications and those services formed an integral part of DOE's effort to implement its congressionally mandated objectives. It is on this basis that the district court fashioned its theory that the defendant's relationship with Calculon was that of a principal contractor to its subcontractor and that the defendant was thus entitled to statutory employer status under § 62.

We are not persuaded by the district court's antecedent obligation theory. In two decisions announced by the Maryland Court of Appeals subsequent to the entry of the district court's order in this case, the Maryland courts have confirmed that Maryland law, in fact, imposes a mechanical two contract requirement in order to qualify for statutory employer immunity. *Brady v. Ralph Parsons Co., supra; Lathroum v. Potomac Electric Power Co., Inc., supra.* In *Lathroum*, a decision of the Court of Appeals of Maryland decided after oral argument in this case, Maryland's highest court considered and specifically rejected the antecedent obligation rationale utilized by the district court here. In

*Lathroum*, the Potomac Electric Power Company (PEPCO) contracted with the Frank Joye Company (Joye) to provide labor and miscellaneous services for several of PEPCO's power facilities, including Chalk Point Power Plant. Lathroum, an employee of Joye, was working as a laborer in an underground hopper at the Chalk Point Power Plant when he sustained personal injuries. He brought suit against PEPCO, which raised a successful statutory employer defense. On appeal, the Maryland Court of Appeals reversed. PEPCO made virtually the same argument made by the United States in the present action. That is to say, PEPCO argued that it was under a statutory duty, as a public utility, to provide a regulated commodity to the public. The court specifically rejected PEPCO's argument that its antecedent obligation to the public constituted a contract which was implied in law. Focusing on the explicit language of the statute, the court held that the Legislature of Maryland did not intend a principal contract to arise where there is a statutory duty on the part of a public utility to provide a regulated commodity to the public.

In other words, the Maryland courts have very recently insisted on a strict, literal reading of the two contract requirement. We are bound by the Maryland court's interpretation of its own statute. *See Horton v. United States*, 622 F.2d 80, 82 (4th Cir.1980); *General Electric v. United States*, 603 F.Supp. 881, 884 (D.Md.1985).[3]

Accordingly, the decision of the district court is

**REVERSED AND REMANDED.**

then appealed a second time, resulting in the *Honaker II* decision. In that decision, the court of appeals reversed the trial court and held that Miller was, in fact, a statutory employer under the facts as then presented.˙ A central question in the second appeal was the significance of the fact that, although Miller had contracted with a third party, the DeJanikus family, for the construction of their house, Miller was actually the owner of the land in question. The court held that under the facts of that case, a lot owner/builder/seller may be a principal contractor under the Maryland statute.

3. We are not unmindful of the fact that other jurisdictions have held that a defendant may be a statutory employer under factual situations similar, if not identical, to the case now before us. However, those decisions involved either statutes which are dissimilar to the Maryland statute, *Bozeman v. McCarty Corp.*, 428 So.2d 1159 (La.App. 5 Cir.1983) or decisions of the appropriate state court according to a more liberal interpretation of the relevant state statute (*Fugunt v. Tennessee Valley Authority*, 545 F.Supp. 977 (E.D.Tenn.1982)).