DOMENGEAUX, Chief Judge.
William Noel, Jr. filed suit for wrongful detention against Jack Eckerd Corporation, alleging the defendant’s employees detained him for over one hour when they suspected him of shoplifting. The trial court granted summary judgment in favor of defendant after finding there existed no question of fact that the detention lasted only 12 minutes.
To recover from a merchant for the tort of false imprisonment, the plaintiff must prove that a detention occurred under one or more of the following circum *1139 stances: (1) unreasonable force was used, (2) no reasonable cause to believe that the suspect had committed a theft of goods existed, or (3) the detention lasted more than 60 minutes, unless it was reasonable under the circumstances that the suspect be detained longer. Thomas v. Schwegmann Giant Supermarket, Inc., 561 So.2d 992 (La.App. 4th Cir.1990); La.C.Cr.P. Art. 215.
In his deposition, the plaintiff testified that he was detained for about 45 minutes to an hour. He later submitted an affidavit in which he stated he was detained for over one hour. This discrepancy was the basis of the denial of an earlier motion for summary judgment filed by the defendant. Thereafter, the defendant filed a second motion for summary judgment, submitting as additional evidence: (1) the affidavit of the assistant store manager, Linda LeBlanc, who stated she immediately had the police summoned upon asking the plaintiff to remain in the store, and (2) police records which indicated that only 12 minutes had elapsed between the initial call from Eckerd’s and when the dispatched police vehicle returned to service.
After considering the entirety of the record, we find the trial court erred in granting the defendant’s second motion for summary judgment. The police records, which were introduced without objection, suggest that the police were at the scene no longer than 12 minutes. However, plaintiff’s suit is against the merchant involved, not the police department, and the records introduced do not preclude the possibility that Eckerd’s employees detained the plaintiff for over an hour, either before or after the police arrived. The plaintiff testified he was searched by both the police officer and by an Eckerd’s employee. In her affidavit, Mrs. LeBlanc denied that an Eckerd’s employee searched the plaintiff. Granting summary judgment at this stage would require weighing the credibility of the plaintiff against that of Mrs. LeBlanc.
The weighing of conflicting evidence on a material fact has no place in summary judgment procedure; neither is it proper for the court to determine the issue of credibility of the witnesses on this motion. Mecom v. Mobil Oil Corp., 299 So.2d 380 (La.App. 3d Cir.1974), writ denied, 302 So.2d 308 (La.1974); Simon v. Fasig-Tip-ton Co. of New York, 524 So.2d 788 (La. App. 3d Cir.1988), writs denied, 525 So.2d 1048, 1049 (La.1988).
Summary judgment is not to be used as a substitute for trial on the merits. The court should not seek to determine whether it is likely that the mover will prevail on the merits, but rather whether there is an issue of material fact. In ruling on the motion, all doubts as to the propriety of a summary judgment are to be resolved against the mover. The evidence should be liberally construed in favor of the party opposing the motion. Frye v. Texas Brine Corp., 425 So.2d 310 (La.App. 3d Cir.1982).
For the above reasons, the judgment of the trial court is reversed, and the case is remanded for further proceedings not inconsistent with this opinion. Costs of this appeal are assessed to defendant-appellee, Jack Eckerd Corporation.
REVERSED AND REMANDED.