BRUNOT, J.
 

 This is a suit upon a promissory note, dated April 13, 1923, for $2,000, with eight per cent, per annum interest thereon from date until paid, and 20 per cent, as attorney’s fees, payable six months after date, to the order of McGinty-Cadenhead Company, Inc., signed by the defendant and indorsed “McGinty-Cadenhead Company, Inc., L. C. Cadenhead, V. P. Gen. Mgr., E. F. Lyons, Sec’ty Treas.; United Loan & Discount Co. Inc. L. C. Cadenhead, V. P. Gen. Mgr. and L. C. Cadenhead.”
 

 The plaintiff alleges that he acquired the note in due course, before maturity, for a valuable consideration; that it is past due, and demand for payment thereof has been made in vain. The prayer of the petition is for judgment against the defendant for the sum of the note together with interest and attorney’s fees as stipulated for therein, with costs, with a reservation of all of plaintiff’s rights against all of the indorsers of the note.
 

 Defendant excepted to the verification of the petition, but this objection was cured by the timely filing of a supplemental petition. The answer of the defendant admits the execution of the note sued upon, but it is alleged in the answer that the note was given to McGinty-Cadenhead Company, Inc., in part payment
 
 *50
 
 of $2,500, the purchase price of twenty-five shares of the capital stock of that company, the balance of said purchase price being paid by a draft, drawn to the order of MeGinty-Cadenhead Company, Inc., on the Lafayette Bank & Trust Company, and signed by defendant. It is further alleged that the corporation to which the note and check were made payable, never negotiated or authorized the sale of the note, and never indorsed or received the sum of the check or any part thereof, but, that L. C. Cadenhead, the vice president of MeGinty-Cadenhead Company, Inc., and also vice president of United Loan & Discount Company, Inc., indorsed the names of the said companies on said note and check, without any authority whatever from said corporations, and transferred the said note to Herschel McGinty, who was, at the time, president of both corporations, and who well knew that the indorsements on the note were made without the authority of either of said corporations; that McGinty received the note in bad faith and negotiated it with the plaintiff for the purpose of defrauding the corporation, of which he and L. C. Cadenhead were the president and vice president; that the said McGinty and Cadenihead obtained the proceeds of the note and check given by defendant to the MeGinty-Cadenhead Company, Inc., and appropriated the .said proceeds to their own uses. The allegation in plaintiff’s petition that the note was acquired in due course and for a valid consideration, is denied in the answer.
 

 On these issues, the case was tried and a judgment was rendered in favor of the defendant and against the plaintiff dismissing the latter’s demands, at his cost, but reserving his right against the indorsers.
 

 This appeal is from that judgment.
 

 The evidence convinces us, as it evidently did the trial judge, that McGinty, the president, and L. C. Cadenhead, the vice president and general manager of the two corporations, styled MeGinty-Cadenhead Company, Inc., and United Loan & Discount Company, Inc., conspired to misappropriate the note and draft which were given by the defendant to the Mc-Ginty-CadenheacJ Company, Inc., and, without any authority whatever from said company, indorsed said note and draft for said company, negotiated the note and collected the amount of the draft, and applied the entire proceeds of both to their own uses. It is admitted that plaintiff made no inquiry concerning the note, or the authority of McGinty or of Cadenhead to negotiate it, although the note on its face shows that the MeGinty-Cadenhead Company, Inc., is the payee named therein. Plaintiff- says that he had full faith in McGinty and acted entirely upon McGinty’s representations to him.
 

 In our. opinion, plaintiff was imposed upon, but he is chargeable with laches which prevent his recovery from the defendant. Where a corporation has not authorized or ratified a sale of its property, by one of its officers, nor received any benefit or advantage therefrom, the remedy of persons aggrieved thereby is against the perpetrator of the fraud. This is a well-recognized rule. Counsel for defendant. have cited C. C. art. 2997; Fletcher on Corporations, vol. Ill, 3244, 3245, 3254, 3292, 3129; 14A O. J. 457, 459’; and several authorities holding that a general power to the president or manager of the business of a corporation does not authorize such officer to bind the corporation as the drawer of negotiable paper. To so bind a corporation, authority to do so must' be found in the charter or by-laws of the corporation, or be authorized or ratified by its board of directors.
 

 We think the authorities cited, supra, have application to this case, and that the judgment rendered by the lower court is correct. It is
 
 *52
 
 therefore decreed that the judgment appealed from be, and it is, affirmed, at appellant’s cost.