LABORDE, Judge.
Appellant, Roland W. Laurent & Associates, Inc. (Associates), appeals the summary judgment granted in favor of The Land and Offshore Company (L & 0). The trial court dismissed L & 0 from suit with prejudice. Associates asserts that a genuine issue of material fact exists as to L & O’s duty to remit funds paid by Associates— not for a corporate debt — but for the debt of another. In essence, Associates alleges that L & 0 was in bad faith when it accepted the payment without further inquiry.
FACTS
Baton Rouge Bank & Trust Company (Bank) is the payee and holder in due course of a promissory note made by Associates. This $100,000.00 note was guaranteed by Roland W. Laurent, individually, and secured by a collateral pledge agreement which assigns certain accounts receivable of Associates to the Bank. The note, payable on demand, was executed on May 23, 1984. The loan was called on May 10, 1985 showing a balance due of $94,494.16, plus 14% interest from the date of the last interest payment and credit (February 1, 1985).
Associates insists that the loan was fraudulently obtained through the unauthorized acts of Messrs. Chapman and Laurent. Mr. Laurent, a minority shareholder but president of Associates, asserts that he was duped into procuring the loan by Mr. Chapman. Mr. Laurent avers that Mr. Chapman represented that Associates lawfully owed money to L & 0. In fact, no corporate debt to L & O existed. While nebulous, Mr. Chapman’s role in Associates appears to be that of a business solicitor. He was not an officer or shareholder in Associates; yet, Mr. Laurent asserts that Mr. Chapman had supervisory control over him.
The proceeds of the loan were transferred to Associate’s expense account. A draft from this account for $100,000.00 was drawn by Mr. Laurent (an authorized signatory) and made payable to Gerald deLau-nay. The check was referenced “For F.W. Chapman, III.” Mr. deLaunay negotiated the draft and transferred the proceeds to his client, L & O.[1]
Upon default, the Bank filed suit against Associates and Mr. Laurent, individually, to collect the balance due on the note. Associates denied any indebtedness to the Bank and asserted that the representative of Associates, Mr. Laurent, was unauthorized to act for the corporation. Further, Associates filed third party demands against Mr. Laurent, F.W. Chapman, III, and The Land and Offshore Company.[2]

Issue

Associates was not indebted to L & 0. Affidavits establish that Associates’ funds were used to pay the personal debt of Mr. Chapman. We must determine whether Associates is entitled to recoup its funds *852 from L & O under the facts as outlined above.

Law and Analysis

A motion for summary judgment shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to material fact, and that mover is entitled to judgment as a matter of law. La.C.C.P. art. 966(B).
In deciding whether all material issues have in fact been disposed of, any doubt is to be resolved against the granting of summary judgment and in favor of trial on the merits. Frye v. Texas Brine Corporation, 425 So.2d 310 (La.App.3d Cir.1982).
While Associates relies on several assignments of error,[3] we center on its claim for recoupment under the Uniform Fiduciaries Law, LSA-R.S. 9:3801-3814. Pertinent to this case is sec. 3805:
“Sec. 3805. Payee of check or bill of exchange; duties and liability
If a check or other bill of exchange is drawn by a fiduciary as such or in the name of his principal by a fiduciary empowered to draw such instrument in the name of his principal, the payee is not bound to inquire whether the fiduciary is committing a breach of his obligation as fiduciary in drawing or delivering the instrument and is not chargeable with notice that the fiduciary is committing a breach of his obligation as fiduciary unless he takes the instrument with actual knowledge of such breach or with knowledge of such facts that his action in taking the instrument amounts to bad faith. If, however, such instrument is payable to a personal creditor of the fiduciary and delivered to the creditor in payment of, or as security for, a personal debt of the fiduciary, to the actual knowledge of the creditor, or is drawn and delivered in any transaction known by the payee to be for the personal benefit of the fiduciary, the creditor or other payee is liable to the principal if the fiduciary in fact commits a breach of his obligation as fiduciary in drawing or delivering the instrument.”
We have held that for the payee to become liable under this Act, it must be found either that it had actual knowledge of the misappropriation or that it acted in bad faith. Pargas, Inc. v. Estate of Taylor, 416 So.2d 1358 (La.App.3d Cir.1982). The affidavit of Gerald deLaunay clearly negatives any suggestion of actual knowledge of misappropriation on behalf of L & O. Associates has produced no evidence to dispute this fact. However, we must determine whether a genuine issue of fact remains as to L & O’s bad faith.
The bad faith standard used in construing the term under the Act has not been evil motive. ‘“Instead courts have asked whether it was “commercially” unjustifiable for the payee to disregard and refuse to learn facts readily available. Taylor v. Citizens Bank, 290 Ky. 149, 160 S.W.2d 639 (1942). At some point, obvious circumstances become so cogent that it is “bad faith” to remain passive.’ ” Guaranty B. & T. Co. of Alexandria v. C. & R. *853 Development Company, 260 La. 1176, 258 So.2d 543, 547 (1972), quoting Maryland Casualty Company v. Bank of Charlotte, 340 F.2d 550 (4th Cir.1965). In Guaranty, 258 So.2d at 547, our Supreme Court found that the bank had knowledge that the corporation’s funds were being used to satisfy an individual’s personal debt. This knowledge, the Court held, constituted “actual knowledge” and “bad faith” within the specific meaning of LSA-R.S. 9:3805.
First National Bank of Ruston v. Pine Belt Producers Co-op, 363 So.2d 1201, 1207 (La.App.2d Cir.), writ denied, 365 So.2d 262 (La.1978), in applying the Act in favor of the Co-op, noted that:
“A corporate officer has no authority in the absence of a specific resolution from the board of directors of the corporation to pay from corporate funds the personal debts of a corporate officer of the personal debts of a third party. Stephens v. Brackin, 16 La.App. 272, 134 So. 326 (La.App.2d Cir.1931); Proctor v. Opelousas Insurance Agency, 181 La. 79, 158 So. 627 (1934); Wallace v. Mouton, 170 La. 47, 127 So. 360 (1930); Lilliedahl & Mitchel v. Avoyelles Trust & Savings Bank, 352 So.2d 781 (La.App.3rd Cir.1977); Guaranty Bank & Trust Co. of Alexandria v.C & R Development Co., Inc., 260 La. 1176, 258 So.2d 543 (1972).”
In this case, no resolution from Associates’ board authorized the satisfaction of Mr. Chapman’s debt from corporate funds. L & 0 knew that the check from Associates was tendered for the partial satisfaction of Mr. Chapman’s debt to L & O. We find that a genuine issue of fact remains as to whether L & O’s blind acceptance of Associate’s check constitutes “bad faith” under LSA-R.S. 9:3805. L & O was incorrectly dismissed from suit as it was not entitled to judgment as a matter of law. As this case is remanded, Associates’ other assignments of error are pretermitted.
For the above and foregoing reasons, the summary judgment dismissing The Land and Offshore Company from suit is reversed. This case is remanded. Costs of this appeal are deferred until final disposition.
REVERSED AND REMANDED.

. L & O, in an unrelated suit {The Land and Offshore Company v. James H. Martin, docket number 82-43969, 15th Judicial District Court, Vermilion Parish, Louisiana), obtained a judgment against various defendants including F.W. Chapman, III. L & O agreed to settle with Mr. Chapman for $250,000.00 ($100,000.00 on May 18, 1984 with the balance due 90 days thereafter).

. Associates originally filed a third party demand against Gerald deLaunay, attorney and agent for L & O. The petition was amended, substituting L & O for deLaunay. Mr. deLau-nay was dismissed from suit by summary judgment from the third party demand of Mr. Laurent.

. Associates assigned the following as error:
"I. The Trial Court erred in not finding that L & O had imputed actual knowledge or acted in bad faith in receiving corporate funds in payment of the personal debt of Chapman under La.R.S. 9:3805.
II.The Trial Court erred in not finding that a genuine material issue of fact exists as to whether or not The Land and Offshore Company is obligated under the terms of La.R.S. 9:3805 to return the money paid to it when it is the recipient of a check payable to a personal creditor of a fiduciary and delivered in payment of a personal debt if the fiduciary breaches his obligation to the Corporation.
III. The Trial Court erred when it did not find that a genuine material issue [sic] of fact exists as to whether or not the corporate funds were stolen and may be recovered by the Corporation from L & O.
IV. The Trial Court erred when it did not find that a genuine material issue of fact exists as to whether or not the Corporation was entitled to receive from L & O funds that were mistakenly paid to it.
V. The Trial Court erred in not finding that genuine material issues of fact did exist in this matter as evidenced by the affidavits and pleadings filed herein and the legal principals involved.”