480 So.2d 325 (1985)
Sandra R. LAUGHARN
v.
Dr. Anthony SAVOIE, State of Louisiana Through the Department of Health and Human Resources, Charity Hospital a Subdivision of the Department of Health and Human Resources and the Louisiana Department of Health and Human Resources.
CA-2996.
Court of Appeal of Louisiana, Fourth Circuit.
December 5, 1985.
*326 Nell I. Lipscomb, Linda G. Johnson and James F. Welch, New Orleans, for plaintiff-appellant.
Ivor A. Trapolin and L. Kevin Coleman, New Orleans, for defendants-appellees.
Before GULOTTA, SCHOTT, BARRY and WILLIAMS, JJ., and HUFFT, J. Pro Tem.
BARRY, Judge.
Plaintiff appeals a summary judgment dismissing her medical malpractice suit based on her exclusive remedy in workmen's compensation.
Plaintiff was a supervisory medical technician employed by Charity Hospital in New Orleans. During the course and scope of her employment, plaintiff inadvertently stuck her thumb with a contaminated hypodermic needle. She worked the remainder of that day and three more days. Her thumb continued to be tender and a physician with whom she worked suggested the thumb be examined. While on her lunch hour plaintiff went to the emergency room at Charity Hospital where the defendant, Dr. Savoie, immediately operated on the thumb.
According to plaintiff's petition, Dr. Savoie's treatment forced irrigation fluid into the tendon sheath of the left thumb which caused gangrene to develop. Another physician performed surgery which resulted in *327 partial loss of function of the thumb and permanent scarring.
Plaintiff sued Dr. Savoie, Charity Hospital, and the Department of Health and Human Resources, alleging medical malpractice by Dr. Savoie. Defendants filed for summary judgment on the ground that plaintiff was injured by a co-employee during the course and scope of her employment and her exclusive remedy was for workmen's compensation.
A motion for summary judgment should be granted where it is shown that no genuine issue of fact exists and the mover is entitled to judgment as a matter of law. La.C.C.P. Art. 966; Cates v. Beauregard Electric Cooperative, Inc., 328 So.2d 367 (La.1976), cert. denied 429 U.S. 833, 97 S.Ct. 97, 50 L.Ed.2d 98 (1976); Honeycutt v. International Paper Company, 421 So.2d 1161 (La.App. 2d Cir.1982). The movant has the burden of showing the absence of a genuine issue as to any material fact. Klohn v. Louisiana Power and Light, 406 So.2d 577 (La.1981). Where the trial court is presented with a choice of reasonable inferences to be drawn from subsidiary facts in affidavits, exhibits and depositions, the reasonable inferences must be viewed in the light most favorable to the party opposing the motion. Thompson v. South Central Bell Telephone Company, 411 So.2d 26 (La.1982); Duvalle v. Lake Kenilworth, Inc., 396 So.2d 1268 (La.1981). Any doubt is resolved against the granting of summary judgment and in favor of trial on the merits. Bozeman v. McCarty Corporation, 428 So.2d 1159 (La.App. 5th Cir. 1983); Frye v. Texas Brine Corporation, 425 So.2d 310 (La.App. 3rd Cir.1982).
The following facts are undisputed:
(1) Dr. Savoie and plaintiff were employees of Charity Hospital at the time of the alleged malpractice.
(2) The alleged malpractice occurred at Charity Hospital.
(3) Plaintiff was a salaried employee of Charity Hospital and the alleged malpractice occurred while she was working the 7:30 a.m. to 4:00 p.m. shift.
(4) Plaintiff consulted Dr. Savoie during her lunch hour.
The issue is whether defendants are entitled to summary judgment solely on those facts.
It is settled that where an employee is entitled to compensation on account of personal injury, such compensation is the sole right or remedy against his employer. La. R.S. 23:1032. The requirements for a compensation claim are in La.R.S. 23:1031:
If an employee not otherwise eliminated from the benefits of this Chapter, receives personal injury by accident arising out and in the course of his employment, his employer shall pay compensation in the amounts, on the conditions, and to the person or persons hereinafter designated. (Emphasis supplied)
As explained in Guidry v. Sline Industrial Painters, Inc., 418 So.2d 626, 628-629 (La.1982):
An accident occurs in the course of employment when it happens during the time of employment and at a place contemplated by the employment. Such a showing alone, however, does not satisfy Louisiana's dual requirement, although it will assist the worker over the first hurdle. There is the additional requirement that the accident "arise out of the employment". Arising out of employment contemplates the accident's being the result of some risk to which the employee is subjected in the course of his employment and to which he would not have been subjected had he not been so employed. Furthermore, this risk of employment from which injury resulted should be one greater than that occasioned by a person not engaged in the employment. (Citations omitted)
Under the Guidry analysis our inquiry is twofold. First, did the injury occur during the course of employment, i.e., did it occur during the time of her employment and at a place contemplated by her employment?
The alleged malpractice occurred during plaintiff's lunch hour. Generally, *328 when an employee takes a lunch hour away from work at a place of his own choice it is assumed the lunch hour is his own time and that where he eats is not affected by the nature of his job. Malone, Louisiana Civil Law Treatise; Vol. 13 Sec. 163 (1980). However, whether this rule applies depends upon the relevant circumstances of each case. Those circumstances include: when and where the accident occurred, whether the time of accident was a risk of employment, whether the employee was being paid at the time of the accident, and whether the employee's activity was at the direction of or in the interest of the employer. In other words, the question is whether the employee was on his own time or was acting at the direction of the employer. Gordon v. National Union Fire Insurance Company of Pittsburgh, 449 So.2d 152 (La.App. 4th Cir. 1984).
No showing has been made that plaintiff was acting at the direction of her employer when she used her lunch hour to consult Dr. Savoie. Plaintiff asserts, and it is not disputed, that she is not required to remain on the premises for lunch. When she took the lunch hour and where it was spent was within her discretion. The fact that plaintiff was injured during her lunch hour, even though on her employer's premises, is insufficient to justify a conclusion that the injury was covered by the compensation statute. Lavier v. Maclellan, 247 So.2d 921 (La.App. 4th Cir. 1971). On the factual showing made, defendants have not demonstrated that plaintiff was in the course of her employment as a matter of law.
The second inquiry, whether plaintiff's injury arose out of her employment, supports the same conclusion. Plaintiff was employed as a medical technician, not as a patient. Her thumb got infected on the job, but the treatment she received from Dr. Savoie was not within the scope of her job. Her employment did not require her to be a patient of Dr. Savoie, nor did she receive his treatment at the behest of her employer.
The alleged malpractice was not the result of a risk "to which the employee is subjected in the course of his employment and to which he would not have been subjected had he not been so employed." Dr. Savoie had no connection with plaintiff's employment. His treatment was clearly outside the scope of her job as a medical technician.
The summary judgment is reversed and the case remanded for further proceedings.
REVERSED; REMANDED.
HUFFT, Judge Pro Tem., dissenting.
I respectfully dissent from the reversal of the decision of the District Court limiting Ms. Laugharn's remedy to the provisions of the Worker's Compensation Act.
The liberal construction of the Worker's Compensation Act required to accomplish its purpose by including all workers reasonably afforded its protection, must equally be applied when an injured person seeks exclusion from the act in order to recover for an unintentional tort. In applying this principle, every reasonable manner of including a plaintiff-employee under the Act must be explored and if any be found, the party will be held to that exclusive remedy.
When Ms. Laugharn, at the suggestion of her radiologist-supervisor, entered the emergency room of Charity Hospital and sought treatment from her co-employee, Dr. Savoie, for a three day old work related injury, which was interfering with the performance of her duties as a skilled technician in the special procedures room, she was in the course and scope of her employment and hence covered under the Act for any injury she may have sustained therein either as a result of her sole and exclusive negligence or through the negligence of a co-employee. For instance, if upon entering the emergency room, she had fallen solely through her own negligence and suffered debilitating injuries, I do not believe a strong case could be made for her exclusion from the coverage provisions of the Act.
*329 The fact that the injury complained of was the result of a medical procedure did not change the nature of Ms. Laugharn's status as an employee at that time nor that of her employee-employer relationship with Charity Hospital nor her co-employee relationship with Dr. Savoie. When Dr. Savoie and Charity Hospital undertook the treatment of Ms. Laugharn for her work related injury, neither Dr. Savoie nor Charity Hospital lost or forfeited the immunity provided to them under the Act from an action sounding in an unintentional tort.
Since the concept of the dual capacity of an employer or co-employee has not been recognized in our jurisprudence, when an employee seeks to be excluded from the exclusive remedy of the Worker's Compensation Act, I would affirm the ruling of the District Court.