490 So.2d 505 (1986)
Carrie Mae PETERS
v.
CHARITY HOSPITAL OF LOUISIANA AT NEW ORLEANS, Dr. J. Floyd, Dr. Diabal, Dr. Bailey, Dr. Theodore Macey, Dr. W.J. Eroche, Dr. V. Davidson, Dr. Skinner, Dr. Rodrigue and Dr. Cheryl L. Blythe.
No. CA 4948.
Court of Appeal of Louisiana, Fourth Circuit.
June 5, 1986.
*506 A. Clay Pierce, Jr., Durant, Pierce & Malone, Baton Rouge, for appellant.
Stephen M. Pizzo, Blue, Williams & Buckley, Metairie, for appellees.
Before CIACCIO and WILLIAMS, JJ., and HUFFT, J. Pro Tem.
CIACCIO, Judge.
Rockwood Insurance Company, the intervenor and worker's compensation carrier for defendant, Charity Hospital, appeals from a judgment of the district court which granted the defendants' motion for summary judgment and dismissed plaintiff's suit for damages. We reverse the judgment of the district court and remand the case for further proceedings consistent with this opinion.
On September 17, 1979, plaintiff, who was employed as a nurse's aide at Charity Hospital, slipped and fell while at work. She sustained a fracture of the right arm. She was treated at Charity Hospital where she underwent reduction surgery. The affected area of the plaintiff's arm developed an infection and the arm, subsequently, had to be amputated. As a result of her disability the plaintiff received worker's compensation of $38,000 from Rockwood Insurance Company.
Plaintiff filed suit in tort to recover for the alleged malpractice actions of Charity Hospital and the attending physicians. Rockwood Insurance Company intervened in the suit seeking recovery of the worker's compensation benefits it had paid to the plaintiff. The defendants filed answers denying the allegations of the plaintiff's petition and alleging as a defense, the comparative negligence of the plaintiff. The defendants also filed an answer of denial to Rockwood's intervention.
On the day of trial, the defendants sought summary judgment, apparently on the basis, that since Charity was the plaintiff's employer and the physicians were her fellow workers, that her exclusive remedy against them was for worker's compensation. La.R.S. 23:1032. The district court granted the motion for summary judgment and dismissed the plaintiff's suit. Rockwood *507 Insurance Company filed this suspensive appeal seeking a reversal of this judgment. On the same day this appeal was perfected, a consent judgment was filed into the record. In that judgment the defendants agreed to pay the plaintiff the sum of $175,000 as full settlement of the plaintiff's claims and to indemnify her for any claims made by Rockwood to recover worker's compensation benefits.[1]
The intervenor complains that the trial court erred in granting the defendants' motion for summary judgment because the defendants failed to comply with certain procedural safeguards. That is, the intervenor complains that it was not served with a copy of the motion at least ten days before the matter was heard. The intervenor also alleges the trial court erred when it did not conduct a hearing on the motion in open court.
All pleadings to be filed in an action pending in court shall be delivered to the clerk where they are filed into the record, after being endorsed with the requisite filing information. La.C.C.P. Art. 253. The clerk shall issue all citations, prepare the pleadings and deliver them to the sheriff for service. La.C.C.P. Art. 252. The defendant may move for summary judgment at any time. La.C.C.P. Art. 966. The motion for summary judgment shall be served at least ten days before the time specified for the hearing. (Emphasis Supplied) La.C. C.P. Art. 966.
Our review of the record indicates that it does not contain a motion for summary judgment, supporting affidavits[2] or documents. Furthermore, it does not contain any evidence of citation, service, waiver of notice nor any consent stipulations by counsel concerning the alleged motion for summary judgment, nor does it contain a transcript of the alleged hearing.
Thus, it is the conclusion of this Court that the motion for summary judgment and supporting documents were not filed in the record nor were they served upon opposing counsel as required by the Louisiana Code of Civil Procedure. C.C.P. Arts. 252-253, 966. We further conclude that the mere presence of the intervenor in chambers on the day the defendants presented this motion for summary judgment did not waive the intervenor's right to receive prior notice of the hearing on the motion for summary judgment. See: Strickland v. Board of Supervisors of Louisiana State University, 432 So.2d 964 (La.App. 4th Cir. 1983).
Since the defendants failed to comply with these procedural safeguards, the motion for summary judgment was not properly before the district court and it was error for the trial court to have considered the motion. Due to this conclusion, we pretermit a discussion of whether it was proper for the district court to have heard the motion in chambers.
The intervenor also contends that the trial court erred in granting summary judgment in this case as there exists a material issue of fact. That is, the intervenor argues that the injuries sustained by the plaintiff did not occur in the course and scope of her employment. Rather, the intervenor argues that the injuries occurred while the plaintiff was a patient in the hospital room.
The mover is entitled to a summary judgment in its favor if the pleadings, depositions, answers to interrogatories and admissions of fact show that there is no genuine issue of material fact and that the mover is entitled to judgment as a matter of law. C.C.P. Art. 966. Vermilion Corporation v. Vaughn, 397 So.2d 490 (La. 1981).
*508 An individual who sustains a personal injury by an accident arising out of and in the course of his employment is entitled to worker's compensation. La.R.S. 23:1031. An accident occurs "in the course of" employment when it happens during the time of employment and at a place contemplated by the employment. Guidry v. Sline Industrial Painters, Inc., 418 So.2d 626 (La. 1982). "Arising out of" employment contemplates the accident being the result of some risk to which the employee is subject in the course of his employment and to which he would not be subjected had he not been so employed. Guidry v. Sline Industrial Painters, Inc., supra. When a worker is entitled to recover worker's compensation for such injuries, such rights shall be his exclusive remedy against his employer and his fellow workers. La.R.S. 23:1032.
A similar issue was considered by this Court in the recent case of Laugharn v. Savoie, 480 So.2d 325 (La.App. 4th Cir. 1985). Writ Denied, Doc. No. 86 C 0007 (Jan. 31, 1986). In that case, plaintiff was employed as a supervisory medical technician with Charity Hospital. During the course and scope of her employment, plaintiff inadvertently stuck her thumb with a contaminated hypodermic needle. She was treated in Charity Hospital by an attending physician. Following the treatment, gangrene developed in the thumb. Another physician performed surgery which resulted in partial loss of function of the thumb and permanent scarring. The plaintiff sued Charity and the attending physician alleging medical malpractice. Defendants filed a motion for summary judgment on the basis that the plaintiff's injuries were suffered as the result of actions of her co-employees and were sustained during the course and scope of her employment. Thus, defendants reasoned that the plaintiff's exclusive remedy was for worker's compensation benefits. The district court granted the motion for summary judgment and this Court reversed. This Court reasoned that, on the factual showing made, the defendants had not demonstrated that the plaintiff was in the course of her employment as a matter of law. Additionally, this Court concluded that the alleged malpractice did not arise out of her employment, in that the treatment received was clearly outside of the scope of her employment as a medical technician.
In the current case the plaintiff made the following allegations:
II.
On or about September 17, 1979, petitioner, Carrie Mae Peters, slipped and fell while working in the course and scope of her employment with Charity Hospital, breaking her right arm.
III.
Petitioner was taken directly to the Emergency Room at Charity Hospital and thereafter transferred to surgery in order to clean and reduce her fracture.
IV.
Charity Hospital, the physicians involved and other employees of Charity Hospital whose names are unknown at the present time were negligent in the care and treatment of Carrie Mae Peters and as the result of that negligence, her arm became severely infected and ultimately had to be amputated.
These allegations were denied by the defendants but no further proof, in the form of affidavits or otherwise, was presented by the defendants in support of their motion.
The allegations of medical malpractice in the treatment of plaintiff's injuries remain unrebutted. Thus, the defendants have failed to demonstrate that the plaintiff's injuries occurred within the course of her employment, or that the complained of acts of medical malpractice occurred within the scope of her employment as a nurse's aide. These are material issues of fact in dispute and as such, they preclude summary judgment in this case. Accordingly, it was error for the trial court to grant the defendants' motion for summary judgment in this case.
*509 For the reasons assigned the judgment of the trial court is reversed at defendants' costs, and the case is remanded to the district court for further proceedings consistent with this opinion.
REVERSED AND REMANDED.
NOTES
[1] Rockwood Insurance Company filed a devolutive appeal from the consent judgment. That separate appeal is not currently before us for review.
[2] Although the defendant attaches to his brief a copy of an affidavit allegedly presented in support of a motion for summary judgment, this document does not appear in the record. This attachment is not evidence and it will not be considered by this Court.