STATE OF LOUISIANA
COURT OF APPEAL, THIRD CIRCUIT

23-260

RYAN GARY AND REBECCA GARY

VERSUS

HOLLIER'S SPECIALTY ROOFING, INC.

**********

APPEAL FROM THE
FIFTEENTH JUDICIAL DISTRICT COURT
PARISH OF LAFAYETTE, NO. 2021-2262
HONORABLE VALERIE GOTCH GARRETT, DISTRICT JUDGE

**********

CHARLES G. FITZGERALD
JUDGE

**********

Court composed of Van H. Kyzar, Jonathan W. Perry, and Charles G. Fitzgerald, Judges.

AFFIRMED IN PART;
REVERSED IN PART AND REMANDED.

**Charles M. Rush**
**202 Magnate Drive**
**Lafeyette, Louisiana 70508**
**Phone: (337)235-2425**
**Fax: (337) 235-4709**
**Counsel for Defendant/Appellant:**
**Hollier's Specialty Roofing, Inc.**

**Stephen C. Carleton**
**400 Convention Street, Suite 550**
**Baton Rouge, Louisiana 70802**
**Phone: (225) 282-0614**
**Fax: (877) 443-9889**
**Counsel for Plaintiffs/Appellees:**
**Ryan Gary and Rebecca Gary**

**FITZGERALD, Judge.**

The defendant, Hollier's Specialty Roofing Inc. (Hollier Roofing), appeals the judgments of the trial court which dismissed its reconventional demand, denied its cross-motion for summary judgment, granted summary judgment in favor of the plaintiffs, Ryan Gary and Rebecca Gary (collectively, the Garys), awarded attorney fees and costs to the Garys, and compelled discovery.

## SUMMARY OF FACTS AND PROCEDURAL HISTORY

The Garys sustained extensive roof damage when Hurricane Delta blew through Lafayette Parish on October 9, 2020. The following day, the Garys met with a representative from Hollier Roofing. During this meeting, the Garys and Hollier Roofing signed an agreement to fix the damage. The agreement also contained an addendum authorizing direct payments from the Garys' insurer, Federal National Insurance Company, to Hollier Roofing.

A few weeks later, Hollier Roofing placed a temporary protective tarp over the damaged roof. The Garys then wrote a check to Hollier Roofing in the amount of $2,190.00, noting "tarp roofing" on the memo line.

In December 2020, Hollier Roofing submitted a claim for $5,588.88 to Federal National for the tarp work. The insurance company, in turn, mailed a check for this amount to the Garys. Thereafter, the Garys delivered this check to Hollier Roofing. But the Garys also delivered a second insurance check to Hollier Roofing. This check was drawn in the amount of $10,499.33 for roof repair.

Then, in late-January 2021, Hollier Roofing submitted a $21,234.04 estimate to Federal National for roof replacement. One month later, Hollier Roofing increased this estimate to $22,406.46, reflecting a price increase for materials. A few weeks after that, the Garys submitted a "proof of loss" prepared by Hollier

Roofing in the same amount: $22,406.46. In response, Federal National approved an updated claim amount of $18,224.80.

By this time, however, the Garys were frustrated with Hollier Roofing: the placement of a temporary tarp was the only work that had been done, and Hollier Roofing had been paid $5,588.88 for that work. Yet Hollier Roofing was still holding an additional $12,689.13 that belonged to the Garys. And so, by late-April 2021, the Garys made a formal demand for the return of this money. Hollier Roofing ignored the demand, and the Garys filed suit on May 3, 2021. The Garys asserted various causes of action against Hollier Roofing, including a declaratory action as to the validity of the original agreement, unjust enrichment, and various claims under Louisiana's Unfair Trade Practices Act (LUTPA).

In response, on May 10, 2021, Hollier Roofing returned $6,043.47. However, Hollier Roofing refused to hand over the balance of $6,664.46, claiming that those funds were for service expenses, administrative fees, overhead costs, and profits that it would have realized had the Garys honored the written agreement. A short time later, Hollier Roofing filed an exception of prematurity.

The trial of the Garys' declaratory action and Hollier Roofing's dilatory exception was held in July 2021. After taking the matter under advisement, the trial court rendered judgment on March 4, 2022. In essence, the trial court found that the written agreement between the Garys and Hollier Roofing was invalid. The trial court also overruled the exception. This judgment was never appealed.

One month later, on April 8, 2022, Hollier Roofing filed a combined answer and reconventional demand. The Garys responded four weeks later by filing a motion to strike the reconventional demand. And two weeks after that, the Garys filed a motion for partial summary judgment as to their claim for unjust enrichment.

2

In response, on June 13, 2022, Hollier Roofing filed a cross-motion for summary judgment. Hollier Roofing also filed at that time a first amended answer and reconventional demand. A few days later, the Garys moved to dismiss the amended pleading and requested sanctions. Hollier Roofing, in turn, filed a motion for leave to amend. And after that, the Garys filed a motion to compel discovery.

The hearing on all these pre-trial motions was held on July 18, 2022. After taking the matter under advisement, the trial court issued judgment and written reasons on August 19, 2022. In this judgment, the trial court granted the Garys' motion to strike, motion for partial summary judgment, and request for sanctions; the trial court denied Hollier Roofing's cross-motion for summary judgment. Thereafter, on August 31, 2022, the trial court issued a supplemental judgment. In that judgment, the trial court granted the Garys' motion to compel and denied Hollier Roofing's request for leave to amend. Hollier Roofing appealed these two judgments.[1]

On appeal, Hollier Roofing asserts eight assignments of error:

1. The trial court erred in granting the Garys' motion to strike Hollier's reconventional demand.

2. The trial court erred in granting the Garys' motion for partial summary judgment that did not meet the requirements of La. Code Civ. P. art. 966 and 967.

3. The trial court committed legal error in dismissing Hollier's reconventional demand by relying on the law applicable to amending answers rather than reconventional demands under La. Code Civ. P. Art. 1151 which permits Hollier's to amend its reconventional demand without leave of court prior to an answer being filed.

---

[1] On May 1, 2023, this court suspended this appeal because the August 19, 2022 judgment lacked the proper decretal language. The trial court cured this defect with its amended judgment of May 15, 2023.

4. The trial court erred in dismissing Hollier's cross motion for summary judgment that was served timely pursuant to La. Code Civ. P. Art. 1313(C).

5. The trial court erred in denying Hollier's motion for partial summary judgment dismissing the Garys' claims: 1) LUTPA does not provide a remedy for a breach of contract claim[;] 2) mental anguish and emotional distress claims must be dismissed because they were not pled in the petition[;] and 3) nonpecuniary damages are not recoverable when the claim arises from repairs to a home.

6. The trial court erred in awarding attorney fees to the Garys. There is no legal basis for sanctions arising from Hollier's filing a reconventional demand and cross motion for partial summary judgment.

7. The trial court erred in denying Hollier's motion for leave to amend it[s] answer and reconventional demand.

8. The trial court abused its discretion in granting the Garys' motion to compel responses to interrogatories and requests for production of documents and awarding attorney fees to the Garys.

The Garys timely answered the appeal, seeking additional attorney fees.

## LAW AND DISCUSSION

**Assignment of Error Number One**

Hollier Roofing asserts that the trial court erred in striking its reconventional demand.

Louisiana Code of Civil Procedure Article 964 states:

> The court on motion of a party or on its own motion may at any time and after a hearing order stricken from any pleading any insufficient demand or defense or any redundant, immaterial, impertinent, or scandalous matter.

"The granting of a motion to strike pursuant to Article 964 rests in the sound discretion of the trial court and is reviewed under the abuse of discretion standard."

*Cole v. Cole*, 18-523, pp. 7–8 (La.App. 1 Cir. 9/21/18), 264 So.3d 537, 544.

4

Hollier Roofing's reconventional demand, as amended, asserted claims for breach of contract and for attorney fees. The trial court, in striking the reconventional demand, dismissed both claims and explained as follows in its written reasons:

> On March 3, 2022, this court rendered a Judgment finding that the "alleged contract between the parties presented on October 10, 2020 is NOT a valid contract . . . [.]" Accordingly, any arguments and/or demands made on the basis of that contract are without merit, pursuant to Louisiana's law of the case doctrine. Nevertheless, Defendant bases its Answer and Reconventional Demand, filed April 8, 2022, squarely upon that invalid contract, alleging that it has a cause of action due to Plaintiffs[] "unilaterally and without caus[e] rescind[ing] the contract and addendum." As this Court has ruled that the contract effectively never existed, such Reconventional Demand is insufficient as having no basis in law or fact.

On appeal, Hollier Roofing argues that its claim for breach of contract is based on a verbal agreement between the parties, as opposed to the written agreement that was previously invalidated by the trial court. Yet a plain reading of the reconventional demand refutes this argument. In other words, the reconventional demand does not allege any facts of a verbal contract: there are no allegations about a verbal offer, no allegations about a verbal acceptance, no allegations about the goods or services being offered, and no allegations about the price of any goods or services. Thus, we are left with a breach-of-contract claim that is based on a "contract" which was previously declared invalid by the trial court. The trial court did not abuse its discretion in striking this claim from the reconventional demand.

However, the reconventional demand also asserted a claim for attorney fees under the LUTPA based on Hollier Roofing's allegation that the Garys acted in bad faith in filing their LUTPA claims. The trial court did abuse its discretion in striking this claim from the reconventional demand.

**Assignment of Error Number Two**

In its second assignment of error, Hollier Roofing argues the trial court erred in granting the Garys' motion for partial summary judgment.

In reviewing the trial court's decision on a motion for summary judgment, this court applies the de novo standard of review using the same criteria applied by the trial court to determine whether summary judgment is appropriate. *Samaha v. Rau*, 07-1726 (La. 2/26/08), 977 So.2d 880.

"[A] motion for summary judgment shall be granted if the motions, memorandum, and supporting documents show that there is no genuine issue as to material fact and that the mover is entitled to judgment as a matter of law." La.Code Civ.P. art. 966(A)(3). The mover can meet this burden by filing supporting documentary evidence consisting of "pleadings, memoranda, affidavits, depositions, answers to interrogatories, certified medical records, certified copies of public documents or public records, certified copies of insurance policies, authentic acts, private acts duly acknowledged, promissory notes and assignments thereof, written stipulations, and admissions." La.Code Civ.P. art. 966(A)(4).

The Garys' motion sought judgment on their claim for unjust enrichment. Thus, the Garys had the burden of proving, by a preponderance of the evidence, the absence of any genuine issue of material fact and they were entitled to judgment as a matter of law. To this end, the Garys supported their motion with copies of various checks issued by their insurance company.

In its opposition memorandum, Hollier Roofing argued that the supporting documents were not properly authenticated: the check copies were not attached to an affidavit or deposition. In reply, the Garys argued that this was of no moment because Hollier Roofing had acknowledged the authenticity of these checks during

6

a previous hearing. Counsel for the Garys re-urged this argument at the hearing on summary judgment, contending as follows:

> But they had already been admitted by both sides last summer by various affidavits of both sides . . . [.] And under 966(A)(4), these were admissions by both sides. And I said, "We don't have to do a new affidavit" when Angela Hollier herself, the Defendant's primary representative, has already attached these very same documents to her own previous affidavits. These are authenticated admissions by both sides as to the facts contained therein. And under 966(A)(4), it clearly says, when you're filing for summary judgment, that the documents which may be filed in support of a motion for summary judgment include—and—and a variety of other things: certified medical records, written stipulations, and admissions.

We disagree with this argument. Louisiana Code of Civil Procedure Article 966(D)(2) has been amended several times since 2015. The present version of subparagraph (D)(2) states in part that "[t]he court shall consider only those documents filed or referenced in support of or in opposition to the motion for summary judgment[.]"

The interpretation of Article 966(D)(2) was addressed in *Gibbs Construction, L.L.C. v. National Rice Mill*, 17-113 (La.App. 4 Cir. 2/21/18), 238 So.3d 1033, *writ denied*, 18-464 (La. 5/11/18), 241 So.3d 1012, and *Davis v. Hixson Autoplex of Monroe, L.L.C.*, 51,991 (La.App. 2 Cir. 5/23/18), 249 So.3d 177. In both cases, the trial court erred in considering documents in the record other than those filed in support of or in opposition to the particular motion before it.

Here, our review is limited to "only those documents filed or referenced in support of or in opposition to the motion for summary judgment" that is before us. La.Code Civ.P. art. 966(D)(2). And the supporting documents filed by the Garys—copies of various insurance checks—do not fall within any of the listed categories set forth in La.Code Civ.P. art. 966(A)(4) nor were those documents attached to an affidavit or deposition. Simply put, the supporting documents are not properly

authenticated for the purpose of being competent summary judgment evidence. The trial court therefore erred in granting the Garys' motion for partial summary judgment.

**Assignment of Error Number Three**

In this assignment, Hollier Roofing asserts that the trial court misinterpreted La.Code Civ.P. art. 1151 and that this error led to the dismissal of its reconventional demand. We agree.

The trial court issued written reasons in conjunction with its judgment of August 19, 2022. In relevant part, the written reasons provide as follows:

> The Code of Civil Procedure is clear about the time delays for amending pleadings. La. CCP Art. 1151 provides that a defendant may amend his answer once without leave of court at any time within 10 days after it has been served and otherwise only by leave of court or written consent of the adverse party. La. CCP Art. 1156 extends the provisions of Art. 1151 to reconventional demands. Defendant's Answer and Reconventional Demand was served on Plaintiffs through their counsel of record on April 21, 2022, yet Defendant filed its Amended Answer and Reconventional Demand on June 13, 2022, greatly exceeding the permissive 10-day period, and without leave of court or consent of the plaintiffs.

Although Hollier Roofing needed leave of court to file its amended answer, it did not need leave of court to file its amended reconventional demand: "A plaintiff may amend his petition at any time without leave of court before the answer is served. . . . A defendant may amend his answer once without leave of court at any time within ten days after it has been served." La.Code Civ.P. art. 1151. The term "plaintiff" refers to all plaintiffs, including plaintiffs-in-reconvention. And "[t]he petition, the answer, and the exceptions filed in an incidental action may be amended or supplemented in the manner provided in Articles 1151 through 1155." La.Code Civ.P. art. 1156.

8

Before going further, it is important to distinguish an answer filed in a principal action from a petition filed in an incidental action. For starters, "The pleadings allowed in civil actions, whether in a principal or incidental action, shall . . . consist of petitions, exceptions, written motions, and answers." La.Code Civ.P. art. 852. Next, "Incidental demands are reconvention, cross-claims, intervention, and the demand against third parties." La.Code Civ.P. art. 1031(B). And finally, "An incidental demand shall be commenced by a petition . . . . An incidental demand instituted by the defendant in the principal action may be incorporated in his answer to the principal demand. In this event, the caption shall indicate appropriately the dual character of the combined pleading." La.Code Civ.P. art. 1032.

In the case before us, Hollier Roofing is the defendant in the principal action. Hollier Roofing answered the Garys' principal demand and then commenced its reconventional demand by filing a petition, and that petition was incorporated into its answer to the principal demand. The caption of this combined pleading also properly indicates its dual character: answer and reconventional demand.

In summary, Hollier Roofing filed its original answer and reconventional demand on April 8, 2022. More than ten days later, on June 13, 2022, Hollier Roofing, without leave of court, filed its first amended answer and reconventional demand. At the time of this filing, the Garys had not answered Hollier Roofing's reconventional demand. Thus, although Hollier Roofing needed leave of court to file its amended answer, it did not need leave of court to file its amended reconventional demand. The trial court legally erred in its interpretation of La.Code Civ.P. art. 1151, and this error led to the erroneous dismissal of Hollier Roofing's amended reconventional demand.

**Assignment of Error Number Four**

In this assignment, Hollier Roofing asserts that the trial court erred in dismissing its cross-motion for summary judgment. The dismissal was based on the trial court's finding that the motion was not timely served by electronic means.

Once again, we apply the de novo standard of review to determine whether summary judgment is appropriate. *Samaha*, 977 So.2d 880.

At the outset, La.Code Civ.P. art. 966(B)(1) states in pertinent part that "a motion for summary judgment and all documents in support of the motion shall be filed and served on all parties in accordance with Article 1313(A)(4) not less than sixty-five days prior to the trial."

Louisiana Code of Civil Procedure Article 1313(A)(4) permits service by:

Transmitting a copy by electronic means to counsel of record, or if there is no counsel of record, to the adverse party, at the number or addresses expressly designated in a pleading or other writing for receipt of electronic service. Service by electronic means is complete upon transmission but is not effective and shall not be certified if the serving party learns the transmission did not reach the party to be served.

And this brings us to Louisiana Code of Civil Procedure Article 1313(C), which states:

Notwithstanding Paragraph A of this Article, if a pleading or order sets a court date, then service shall be made by registered or certified mail or as provided in Article 1314, by actual delivery by a commercial courier, or by emailing the document to the email address designated by counsel or the party. Service by electronic means is complete upon transmission, provided that the sender receives an electronic confirmation of delivery.

Here, Hollier Roofing filed its cross-motion for summary judgment on June 13, 2022. Hollier Roofing notes that it then emailed a copy of the motion to opposing counsel. Although Hollier Roofing requested a read receipt, none was sent. Instead, a "Not Read" receipt was received thirteen days later showing that the email had

been deleted without being read. Nevertheless, Hollier Roofing argues that the printout of the "Not Read" receipt constitutes electronic confirmation of delivery as required by La.Code Civ.P. art. 1313(C). The trial court disagreed, explaining in its written reasons as follows:

> While Defendant argues that this proves Plaintiffs' counsel's intentional ignorance of service, this Court finds that such argument fails on other grounds. First, there exists nothing in any other pleadings or any other writing in which Plaintiff expressly designated an email address for service by electronic means, as required by La. CCP Art. 1313. Second, the deletion of an email without being read 13 days after its being sent does not in and of itself prove intentional disregard of a delivery receipt contained in the email. Finally, the Code provides that service is not effective if the serving party learns the transmission did not reach the party to be served[.]"

In addition to these reasons, the bottom line is this: Hollier Roofing, as sender of the email, must have received an "electronic confirmation of delivery" under La.Code Civ.P. art. 1313(C), and this never happened. In the absence of timely service, a motion for summary judgment is not properly before the court. *Peters v. Charity Hosp. of Louisiana at New Orleans*, 490 So.2d 505 (La.App. 4 Cir. 1986).

In the end, the record before us must reflect that all procedural requirements of La.Code Civ.P. art. 966 have been met, including documentation showing that the motion was timely filed and served not less than sixty-five days before the hearing. And although Hollier Roofing's cross-motion for summary judgment was timely filed, it was not timely served. Thus, the trial court did not err in dismissing this motion.

**Assignment of Error Number Five**

This assignment also seeks review of the ruling on Hollier Roofing's cross-motion for partial summary judgment. As such, this assignment is moot based on our disposition of the previous assignment.

**Assignment of Error Number Six**

Here, Hollier Roofing argues that the trial court erred in granting the Garys' motion for sanctions. We agree.

"A trial court's decision to award sanctions under La.Code Civ.P. art. 863 is reviewed for manifest error." *Boudreaux v. Boudreaux*, 22-804, p. 19 (La.App. 3 Cir. 7/15/23), 368 So.3d 754, 765.

Hollier Roofing filed two pleadings on June 13, 2022: first, an amended answer and reconventional demand. And second, Hollier Roofing filed a cross-motion for partial summary judgment. Both pleadings are thoroughly addressed above. The Garys responded by filing, among other things, a request for sanctions under La.Code Civ.P. art. 863.

On appeal, the Garys contend that the award of sanctions should be affirmed because Hollier Roofing filed its amended answer and reconventional demand without first seeking leave of court. They also contend that Hollier Roofing's cross-motion for partial summary judgment was premature and thus filed for an improper purpose.

Louisiana Code of Civil Procedure Article 863 imposes a duty on attorneys and parties to certify through their signature that the pleadings submitted are based in fact and law and are not filed for an improper purpose, such as harassment, delay, or to increase litigation costs. If the court finds a certification has been made in violation of any provision in the article, paragraph (D) provides for sanctions:

> If, upon motion of any party or upon its own motion, the court determines that a certification has been made in violation of the provisions of this Article, the court shall impose upon the person who made the certification or the represented party, or both, an appropriate sanction which may include an order to pay to the other party the amount of the reasonable expenses incurred because of the filing of the pleading, including reasonable attorney fees.

La.Code Civ.P. art. 863(D).

But "[t]he imposition of sanctions is 'used only in exceptional circumstances, and when there is even the slightest justification for the assertion of a legal right, sanctions are not warranted.'" *Capdeville v. Winn Dixie Store #1473*, 07-1425, p. 5 (La.App. 3 Cir. 4/9/08), 981 So.2d 121, 125 (quoting *Curole v. Avondale Indus., Inc.*, 01-1808, p. 5 (La.App. 4 Cir. 10/17/01), 798 So.2d 319, 322).

The trial court here dismissed Hollier Roofing's amended reconventional demand based on an error of law: leave of court was not needed for the amended reconventional demand. In addition, Hollier Roofing's cross-motion for partial summary judgment was not premature. The motion was filed in response to the Garys' petition in the principal action. Under La.Code Civ.P. art. 966, "A defendant's motion [for summary judgment] may be filed at any time." As explained previously, the motion was dismissed because it was not timely served. But none of this, in our view, warrants sanctions.

For the above reasons, the trial court manifestly erred in granting the Garys' request for sanctions.

**Assignment of Error Number Seven**

In this assignment, Hollier Roofing asserts that the trial court erred in denying its motion for leave to amend.

As stated above, Hollier Roofing filed its amended answer and reconventional demand in June 2022. In response, the Garys moved to dismiss the amended pleading and requested sanctions. And in response to that, Hollier Roofing filed a motion for leave to amend, which was ultimately denied by the trial court.

In *Palowsky v. Cork*, 19-0148, p. 11 (La.App. 1 Cir. 5/20/20), 304 So.3d 867, 875 (citation omitted), the first circuit provided the following statement of law for the amendment of pleadings in general:

> [A] plaintiff may amend a petition after a defendant has answered only by leave of court or written consent of the adverse party. La. C.C.P. art. 1151. Amendment of pleadings should be liberally allowed provided that the movant is acting in good faith, the amendment is not sought as a delaying tactic, the opponent will not be unduly prejudiced, and trial on the issues will not be unduly delayed. The decision as to whether to grant leave to amend or supplement a pleading is within the sound discretion of the trial court, and its ruling will not be disturbed on appeal except where an abuse of discretion has occurred and indicates a possibility of resulting injustice.

Again, Hollier Roofing did not need leave of court to amend its reconventional demand—and Hollier Roofing did, in fact, amend its reconventional demand without leave. By contrast, Hollier Roofing did need leave to amend its original answer. Thus, the issue before us is whether the trial court abused its discretion by refusing to allow Hollier Roofing to amend its original answer. To this end, the trial court denied Hollier Roofing's motion for the following reasons:

> [A] trial court has much discretion to allow a party to amend his pleadings and its exercise thereof will not be disturbed on appeal in absence of an abuse. *CDT, Inc. v. Greener & Sumner Architects, Inc.*, App. 3 Cir. 1984, 453 So.2d 1252. In the present case, the Court finds that Defendant has repeatedly acted in bad faith in its pleadings and arguments, and that its last-ditch effort to retain Plaintiffs' money which Defendant has not earned is a further example of such bad faith.

Based on the evidence adduced at the contradictory hearing of July 18, 2022, the trial court determined that Hollier Roofing had engaged in a pattern of bad faith. Because the record evidence provides a rational basis for this finding, we cannot say that the trial court abused its discretion in denying the motion for leave to amend.

14

**Assignment of Error Number Eight**

In its final assignment, Hollier Roofing asserts that the trial court abused its discretion in granting the Garys' motion to compel discovery.

In May 2022, the Garys served a First Set of Interrogatories and Request for Production of Documents on Hollier Roofing. In response, Hollier Roofing objected to interrogatory numbers 2 through 9 and the corresponding document requests. The Garys, in turn, filed a motion to compel under La.Code Civ.P. art. 1469, which the trial court ultimately granted after contradictory hearing.

"It is well established that trial courts in Louisiana have broad discretion when regulating pre-trial discovery, which discretion will not be disturbed on appeal absent a clear showing of abuse." *Moak v. Illinois Central R. Co.*, 93-0783, p. 6 (La. 1/14/94), 631 So.2d 401, 406.

Louisiana Code of Civil Procedure Article 1422 addresses the general scope of discovery, stating in part:

> Parties may obtain discovery regarding any matter, not privileged, which is relevant to the subject matter involved in the pending action, whether it relates to the claim or defense of the party seeking discovery or to the claim or defense of any other party . . . . It is not ground for objection that the information sought will be inadmissible at the trial if the information sought appears reasonably calculated to lead to the discovery of admissible evidence.

Here, the disputed discovery pertains to Hollier Roofing's potential LUTPA liability. And oversimplifying slightly, the disputed interrogatories seek the identity of all Hollier Roofing customers who signed roof replacement or roof repair agreements (Interrogatory 2), the amount of each deposit by Hollier Roofing from any customer who signed roof replacement or roof repair agreements (Interrogatory 3), the identity of all Hollier Roofing customers who signed an agreement between owner and contractor (Interrogatory 4), the identity of all Hollier Roofing customers

who signed an addendum to the agreement between owner and contractor (Interrogatory 5), the identity of all Hollier Roofing customers who signed a "proof of loss" affidavit (Interrogatory 6), the identification of all insurance funds held by Hollier Roofing for work that has not begun (Interrogatory 7), the identification of the bank and bank accounts used by Hollier Roofing for the deposit of the Garys' $2,190.00 check (Interrogatory 8), and the identification of the bank and bank accounts used by Hollier Roofing for the deposit of the Garys' $10,499.13 check (Interrogatory 9). Request for production of document numbers 2 through 9 correspond to these interrogatories.

The Garys counter by arguing that the discovery is limited to a reasonable period of time: thirteen months. They also argue that the discovery is needed to show an intentional pattern of unfair trade practices by Hollier Roofing. For the most part, we disagree.

Claims asserted under the LUTPA are case specific. For example, in *Quality Env't Processes, Inc. v. I.P. Petroleum Co.*, 13-1582, p. 21 (La. 5/7/14), 144 So.3d 1011, 1025, the supreme court explained:

> In LUTPA, the legislature declared it to be unlawful to engage in "unfair methods of competition and unfair or deceptive acts or practices in the conduct of any trade or commerce." La.Rev.Stat. § 51:1405. Because of the broad sweep of this language, "Louisiana courts determine what is a LUTPA violation on a case-by-case basis." Keith E. Andrews, Comment, *Louisiana Unfair Trade Practices Act: Broad Language and Generous Remedies Supplemented by a Confusing Body of Case Law*, 41 Loy. L.Rev. 759, 762 (1996) . . . . This court has consistently held that in establishing a LUTPA claim, a plaintiff must show that "the alleged conduct offends established public policy and is immoral, unethical, oppressive, unscrupulous, or substantially injurious." *Cheramie Services, Inc. v. Shell Deepwater Prod.*, 09–1633, p. 11 (La.4/23/10), 35 So.3d 1053, 1059. "[T]he range of prohibited practices under LUTPA is extremely narrow," as LUTPA prohibits only fraud, misrepresentation, and similar conduct, and not mere negligence. *Id*. at 11, 35 So.3d at 1059[.]

In sum, the trial court abused its discretion in ordering Hollier Roofing to answer interrogatories 2 through 7 and to comply with the corresponding document requests. The success of the Garys' LUTPA claims does not depend on showing that Hollier Roofing engaged in an intentional pattern of unfair practices with its other customers; the focus is on the interaction between Hollier Roofing and the Garys. Stated differently, the information being sought is not likely to lead to the discovery of admissible evidence; the discovery is also overly broad. However, the trial court did not abuse its discretion in granting the motion to compel answers to interrogatory numbers 8 and 9 and request for production of document numbers 8 and 9.

**Request for Additional Attorney Fees**

The trial court sanctioned Hollier Roofing by awarding attorney fees to the Garys. In answering the appeal, the Garys have requested additional attorney fees. However, because we reversed the trial court's award of sanctions, the Garys' request for additional fees is also denied.

## DISPOSITION

As to the trial court's judgment of August 19, 2022, as amended on May 15, 2023, we reverse the part of the judgment that dismissed Hollier's Specialty Roofing Inc.'s claim in reconvention for attorney fees under the LUTPA. We also reverse the part of the judgment that granted Ryan Gary and Rebecca Gary's motion for partial summary judgment. And finally, we reverse the part of the judgment that granted sanctions against Hollier's Specialty Roofing Inc. and awarded attorney fees to Ryan Gary and Rebecca Gary. The judgment is affirmed in all other respects.

As to the trial court's supplemental judgment of August 31, 2022, we reverse the part of the judgment that granted Ryan Gary and Rebecca Gary's motion to compel discovery but only as to interrogatory numbers 2 through 7 and request for

17

production of document numbers 2 through 7.  The judgment is affirmed in all other respects.

We remand the case to the trial court for further proceedings.  And the costs of this appeal are divided equally between the plaintiffs, Ryan Gary and Rebecca Gary, and the defendant, Hollier's Specialty Roofing Inc.

**AFFIRMED IN PART;**
**REVERSED IN PART AND REMANDED.**